## DUNN *v.* SPARKS.

A discharge in bankruptcy is not a bar to a suit by one co-surety against another, for contribution, where the entire debt of the principal was paid by the plaintiff after the discharge of the defendant, and for which the parties litigant are bound as sureties.

ERROR to the *Dearborn* Circuit Court.

SMITH, J.—Assumpsit. Common count for money paid; plea, that the cause of action originated in the following manner, namely: On the 2d of *September*, 1839, the defendant drew a bill of exchange directed to *Durbin*, and delivered the same to the plaintiff, thereby requesting said *Durbin* to pay the plaintiff or order, at the *Merchants Bank of*

*New Orleans*, four months after date, 1,000 dollars; that said bill was accepted by *Durbin*, and assigned by the plaintiff to the *State Bank of Indiana;* that the bill became due on the 5th of *January*, 1840, and was not paid by either of the parties to it, until after the defendant had, in *November*, 1842, received a certificate under the bankrupt law of the *United States*, discharging him from the payment of his debts; that, after the defendant had been so discharged, the plaintiff paid and took up said bill which had been protested for non-payment. To this plea there was a replication averring that said bill was an accommodation bill, drawn by the defendant and indorsed in blank by the plaintiff as co-sureties for the sole use and benefit of *Durbin;* that said bill was, by said *Durbin*, sold to the *State Bank of Indiana*, and the proceeds thereof applied to his sole use. The Court sustained a demurrer to this replication, and rendered final judgment thereon for the defendant.

The question which this case presents is, whether a discharge in bankruptcy is a bar to an action brought by one co-surety against another for contribution, when the entire debt of the principal for which the parties litigant were bound as sureties, was paid by the plaintiff after such discharge of the defendant.

The fifth section of the act of congress to establish a uniform system of bankruptcy, approved *August* 19th, 1841, provides that sureties, indorsees, bail, or other persons having uncertain or contingent demands against the bankrupt, "shall be permitted to come in and prove such debts or claims," under the act, and shall "have a right, when their debts or demands become absolute, to have the same allowed them," and may "have the present value thereof ascertained under the direction of the Court and allowed them accordingly as debts *in presenti;*" and, by a provision of the fourth section, all claims provable are barred by the discharge of a bankrupt. It was accordingly held by this Court, in the case of *Dean* v. *Speakman*, 7 Blackf. 317, that where one of several joint makers of a note had been, after the execution of

the note, discharged under the bankrupt act above re- ferred to, all demands against him by the other joint makers, who had subsequently paid the note, for contribu- tion, were barred by his certificate and discharge. The present case, is, however, different. When two or more are indebted, one as principal and the others as sureties, the discharge of the principal in bankruptcy renders the sureties liable to be sued alone for the whole debt and it is, perhaps, reasonable, that they should be permitted to secure themselves to the extent of such liability out of the property of the bankrupt. But if it be one of the co-sureties who is discharged before any proceedings have been had to collect the debt, there is no such exclusive liability fixed upon the other co-sureties. The principal may pay the debt and save all the sureties. By the *English* statute of bankruptcy, 6 Geo. 4 c. 16, ss. 52 and 56, sureties and other persons having contingent demands against the bankrupt are permitted to prove their claims under the commission, but it has been held that the party proving must be *directly* surety, or liable, and that the act does not extend to a co-surety. *Clements* v. *Langly*, 5 B. & Ad. 372.—*Thompson* v. *Thompson*, 2 Bing. N. C. 168. —Chit. on Cont. 6 Amer. Ed. 185.—Burge on Sur. 488. There appears to be sound reason for this distinction which is equally applicable to the bankrupt law of congress. We therefore think the demurrer to the replication should have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial.

*J. Ryman*, for the plaintiff.

*D. Macy*, for the defendant.