Hayes *v.* Flowers.

---

JOSEPH HAYES *vs.* WILLIAM H. FLOWERS.

It is necessary to aver, to constitute a good plea of bankruptcy, that the claim sued on was one provable under the bankrupt law, and that the defendant had been discharged by the judgment of the proper court, and had received a certificate of such discharge.

The law makes the discharge and certificate the bar to the action, and that which constitutes the bar must be pleaded.

The certificate is not pleaded; and the judgment should have been *respondeat ouster*.

IN error from the circuit court of Smith county; Hon. John Watts, judge.

The points in this case are, as to the sufficiency of the plea of bankruptcy, and the propriety of the kind of judgment rendered in the court below. Both these points are sufficiently stated in the opinion of the court.

*Yerger* and *Anderson*, for appellant.

There is error in this record: 1. The court sustained the demurrer to the plea of bankruptcy upon the 2d and 4th causes assigned, but rendered no judgment of *respondeat ouster* or other judgment, but proceeded to try the issue on the other pleas. The act of the legislature requires judgment of *respondeat ouster* in such case.

2. The plea was good. *White* v. *Howard*, 3 M'Lean, 291; *Downer* v. *Chamberlain*, 6 Washburn, 414.

3. A plea of bankruptcy need not aver the debt sued on was provable under the commission, or in other words that it was a fiduciary debt. This is matter for a replication. *M'Cabe* v. *Corney*, 2 Sand. Ch. R. 314; *Rowan* v. *Holcomb*, 16 Ohio, 463.

*J. F. Foute*, for appellee.

The only question is upon the sufficiency of the plea of bankruptcy. The defendant in the court below took leave to amend this plea three times, thus confessing the demurrer twice, the court sustaining it to the last amended plea. The court below certainly did right to sustain the demurrer. The plea is uncertain, vague, and insufficient. See *Atkinson* v. *Fortinberry*, 7 S. & M. 302. Also *Price* v. *Bray*, 1 N. Jersey R. 13; *Coates* v. *Simmons*, 4 Barb. Sup. Ct. 403; *Kirby* v. *Garrison*, 1 N. Jersey R. 179; and *Downer* v. *Chamberlain*, 21 Verm. R. 6 Washburn, 414; *Seaman* v. *Stoughton*, 3 Barb. Ch. R. 344.

A trial upon the other issues was had, and judgment for plaintiff in the court below. There is no evidence set out, and only the question as to the plea of bankruptcy.

The record shows in the case the confession of demurrer three times, and demurrer sustained to third amended plea. Upon every principle of pleading, the judgment of the court on the demurrer should not have been *respondeat ouster*, but final.

Mr. Justice FISHER delivered the opinion of the court.

This is a writ of error to a judgment of the circuit court of Smith county.

The defendant below pleaded that he had been, by the judgment of the district court of the United States, held at Jackson, in this State, discharged from the note sued on. To this plea the plaintiff filed a demurrer, which was sustained by the court.

The act of Congress of the 19th of August, 1841, (Laws of U. S. vol. 5, p. 444,) says, that " such discharge and certificate, when duly granted, shall in all courts of justice be deemed a full and complete discharge of all debts, contracts, and other engagements of such bankrupt, which are provable under this act, and shall and may be pleaded as a full and complete bar to all suits brought in any court of judicature whatever, and the same shall be conclusive evidence of itself in favor of such bankrupt, unless the same shall be impeached for fraud," &c.

To constitute a good plea in bankruptcy it is necessary to aver, that the claim sued on was one provable under said act, that the defendant had been discharged by the judgment of the proper court, and had received a certificate of such discharge.

The law makes the discharge and certificate the bar to the action. That which constitutes the bar must be pleaded. The certificate is not pleaded in this instance, and, therefore, the plea is defective.

The court, however, erred in not rendering judgment of *respondeat ouster*, and for this error the judgment must be reversed.

Judgment reversed, and judgment *respondeat ouster* rendered.