Hays v. Ford et al.

United States District Courts.—*Judgments of.—How Attacked Collaterally.—Jurisdiction.—Presumption.*—Where a judgment, rendered by a district court of the United States, not showing upon its face a lack of jurisdiction of such court, over the parties to or subject-matter of the cause so adjudicated, comes in question, collaterally, in an action in a court of this State, it will be presumed, until the contrary is affirmatively shown by the plea, that such district court had such jurisdiction.

BANKRUPTCY.—*Discharge of Bankrupt.—Contribution.—Injunction.*—Where a judgment has been rendered upon a promissory note, against the principal maker thereof, and his sureties, as such, and, subsequent to the payment of such judgment by one of such sureties, the other is adjudged, and discharged as, a bankrupt, in a proceeding in a district court of the United States, the claim of such paying surety, upon the bankrupt surety, for contribution, is not one exempted by the bankrupt law of the United States from, but is included in, the operation of such discharge; and such paying surety and an officer holding an execution on such judgment, for the benefit of such paying surety, may be enjoined from selling the property of such bankrupt, on such execution.

SAME.—*Tort.*—A judgment for damages for a tort, rendered against a person prior to the commencement of proceedings against him, wherein he is finally discharged as a bankrupt, is embraced in such discharge.

SAME.—*Trespass.—Officer.*—Where, upon a judgment rendered against a duly discharged bankrupt, before such discharge, the creditor subsequently causes a writ to be issued to, and the goods of such bankrupt seized thereon by, the proper officer, the creditor is liable to such bankrupt, *ab initio*, as a trespasser, whether he knew of the discharge of such bankrupt or not, but such officer will be protected by such writ, if it be regular upon its face.

SAME.—*Pleading.—Evidence.—Discharge of Bankrupt as a Defence to Indebtedness.—How Pleaded and Proved.*—Where, to avoid the payment of a debt due from him to another, before his discharge as a bankrupt, the latter undertakes to avail himself of such discharge, it is only necessary for him to plead such discharge by a general averment thereof; and a certified copy of the judgment of the court decreeing such discharge, under the hand of the judge thereof, and authenticated by its seal, is conclusive evidence thereof.

From the Randolph Circuit Court.

*C. Ballenger, D. M. Bradbury, J. E. Neff, J. S. Engle, J. B. Julian* and *J. F. Julian*, for appellant.

*E. L. Watson* and *L. J. Monks*, for appellees.

PERKINS, J.—At the June term, 1867, James Moorman recovered a judgment, on a promissory note, in the Randolph Circuit Court, in this State, against the appellant, Hays, Henry Jacobs, Benjamin S. Evans, John Lindsey, Philip Barger, Robert B. Cowgill and John A. Jones, for the sum of two thousand and nineteen dollars and thirty-three cents, and costs, in which judgment said Jacobs, Evans and Lindsey were principals, and said appellant, Barger, Cowgill and Jones were sureties.

On the 28th of October, 1867, Barger, Cowgill and Jones paid the judgment to Moorman.

On the 8th day of September, 1868, appellant, Hays, was discharged as a bankrupt.

In 1873, said Barger, Cowgill and Jones procured the issuance of an execution on said judgment, for their benefit, against the appellant, Hays, and placed it in the hands of Ford, the appellee, sheriff of said county, to be levied upon the goods of appellant, whereupon appellant instituted this suit for an injunction, and, in his complaint, averred, "That heretofore, to wit, on the 8th day of September, 1868, in and by the order, judgment and decree of the United States District Court of Indiana, the said plaintiff was fully discharged from the payment of all his debts, provable under the general bankrupt law of the United States, a copy of which discharge is filed herewith, and made part hereof, which reads thus:

"'United States of America, District of Indiana. In the matter of Benjamin Hays, Bankrupt. No. 622. Whereas, Benjamin Hays has been duly adjudged a bankrupt, under the act of Congress, establishing a uniform system of bankruptcy throughout the United States, and appears to have conformed to all the requirements of law in that behalf, it is therefore ordered by the court, that said Benjamin Hays be forever discharged from all debts and claims, which, by said act, are made provable against his estate, and which existed on the 4th day of May, 1868, on which day the petition for adjudication was filed by him; excepting such debts, if any, as are, by said act, excepted from the operation of a discharge in bankruptcy.'"

To this copy of discharge is attached the official certificate of John D. Howland, clerk of the court, under his hand and the seal of the court, followed by the official certificate of Judge Gresham, that said Howland is the clerk of the court, and that his certificate is in due form of law.

A demurrer was sustained to this complaint, on the ground that it did not contain a cause of action; exception was taken, and final judgment rendered for the defendants. Appeal to this court, and the single alleged error assigned, that the court erred in sustaining the demurrer to the complaint.

The appellees maintain that the ruling on the demurrer was correct, because,

1st.   The complaint does not show that the court granting the discharge had jurisdiction.

2d   It does not show that the judgment, the collection of which is sought to be enjoined, is not a debt excepted from the operation of a discharge in bankruptcy, by the act of 1867.

3d.   It does not set forth a copy of the certificate of discharge, but only a copy of the judgment and decree of discharge.

As to the first ground of objection to the complaint, we think it is invalid.

It is a general rule of law, that, where the record discloses nothing on the point, jurisdiction of domestic courts, of the person and subject-matter, will be presumed in cases where the judgments of those of general jurisdiction come in question collaterally. *Horner* v. *Doe*, 1 Ind. 130. Judgments of the District Court of the United States are entitled to this presumption.

In *Ruckman* v. *Cowell*, 1 N. Y. 505, BRONSON, J., in delivering the opinion of the court, says:

"But when the discharge is given in evidence, jurisdiction to grant it should be presumed until the contrary appears. It would be otherwise if the discharge were granted by a commissioner, or a court of strictly inferior jurisdiction. But the district and circuit courts of the United States, though of limited jurisdiction, are not inferior courts in the technical sense of the term. If jurisdiction do not appear upon the proceedings, their judgments and decrees will be reversed on error or appeal.

But they are not nullities, which may be disregarded in a collateral proceeding. *McCormick* v. *Sullivant*, 10 Wheat. 192. In this respect, the district and circuit courts of the United States stand on the same footing as courts of general jurisdiction; and the authority of such courts is always to be presumed, until the contrary is shown."

If the jurisdiction is presumed till the contrary is shown, it seems very clear that the party on whom is the burden of showing the contrary, should plead the facts evidencing want of jurisdiction. See *Knœffel* v. *Williams*, 30 Ind. 1. See as to this point, also, sec. 83, 2 R. S. 1876, p. 76. We may observe, parenthetically, that it is decided in *Ruckman* v. *Cowell*, *supra*, that, where a judgment creditor seizes the goods of a bankrupt, after his discharge, on a judgment rendered before the discharge, he is liable as a trespasser, whether he knew, at the time, of the discharge or not, but that the officer executing the writ will be protected, if the same is regular on its face.

On the second point of objection to the complaint, viz., that it does not negative the fact that the debt was one within the exception contained in the bankrupt act, we think it sufficiently manifest upon the face of the complaint, in the absence of a direct averment, that the debt was one embraced by the discharge of the bankrupt.

The debt consisted of money due upon a judgment. The judgment was rendered upon a promissory note. *Prima facie*, it is not for a fiduciary debt, etc. There are authorities, that, if the judgment had been recovered as damages for a tort, still, having been rendered prior to the commencement of the proceedings in bankruptcy, it would be a debt embraced by the discharge. See Bump on Bankruptcy, note to sec. 5119.

The claim sought to be enforced by the execution, in this case, may be inferred to be that of contribution, by a co-surety, to the payment of the above judgment. If such be the fact, that claim was provable under the pro-

ceedings in bankruptcy, and is, therefore, embraced by the discharge. Bump, *supra*, pp. 580, 581, and 740, 741.

The judgment, as we have seen, was rendered in June, 1867, was paid by the surety, in October, 1867, nearly a year prior to the discharge of appellant, as a bankrupt, which occurred in September, 1868. See Bump on Bankruptcy, 92, 93; *Tobias* v. *Rogers*, 13 N. Y. 59.

*Dunn* v. *Sparks*, 1 Ind. 397, is not in point to the question here involved. In that case, no steps had been taken to collect the bill of exchange, and no payment had been made by the co-surety, till after the discharge of a co-surety. This fact is stated in the opinion in *Dunn* v. *Sparks*, *supra*, as having an important bearing on the decision of the case; while *Tobias* v. *Rogers*, *supra*, is directly in point.

The third and last objection is, that the complaint does not contain a copy of the certificate of this discharge, but only a copy of the decree of discharge.

The bankrupt law of 1841, sec. 4, contained this provision:

And "such discharge and certificate, when duly granted, shall in all courts of justice be deemed a full and complete discharge of all debts," etc.

In *Hayes* v. *Flowers*, 25 Miss. 169, a case governed by the bankrupt law of 1841, the defendant pleaded the decree of discharge only. A demurrer to this plea was sustained. On appeal, the Supreme Court said:

"The law makes the discharge and certificate the bar to the action. That which constitutes the bar must be pleaded. The certificate is not pleaded in this instance, and, therefore, the plea is defective."

Our present bankrupt law is different. It enacts (see Bump, *supra*:

"Sec. 5114. If it shall appear to the court that the bankrupt has in all things conformed to his duty under this title, and that he is entitled, under the provisions thereof, to receive a discharge, the court shall grant him a discharge

from all his debts, except as hereinafter provided, and shall give him a certificate thereof under the seal of the court.

" Sec. 5115. The certificate of a discharge in bankruptcy shall be in substance in the following form:

"District Court of the United States, District of ———.

"Whereas ——— has been duly adjudged a bankrupt under the Revised Statutes of the United States, Title 'Bankruptcy,' and appears to have conformed to all the requirements of law in that behalf, it is therefore ordered by the court that said ——— be forever discharged from all debts and claims which by said Title are made provable against his estate, and which existed on the —— day of ———, on which day the petition for adjudication was filed by (or against) him; excepting such debts, if any, as are by law excepted from the operation of a discharge in bankruptcy.

" Given under my hand and the seal of the court at ———, in the said district, this — day of ———, ——.

[SEAL.]                                         ———, Judge.

" Sec. 5119. A discharge in bankrutcy duly granted shall, subject to the limitations imposed by the two preceding sections, release the bankrupt from all debts, claims, liabilities, and demands which were or might have been proved against his estate in bankruptcy.    It may be pleaded by a simple averment that on the day of its date such discharge was granted to the bankrupt, setting a full copy of the same forth in its terms as a full and complete bar to all suits brought on any such debts, claims, liabilities or demands.    The certificate shall be conclusive evidence in favor of such bankrupt of the fact and regularity of such discharge."

The two preceding sections, above mentioned, are not the two preceding sections copied in this opinion, but are sections 5117 and 5118 of Bump on Bankruptcy.

It will be seen that, by the present bankrupt act, the discharge is spoken of as one thing, viz., the judgment

and decree of discharge, on the record of the court; and the certificate thereof as a different thing, viz., a copy of the discharge, under the hand of the judge, authenticated by the seal of the court; and the statute enacts that the discharge "may be pleaded by a simple averment that on the day of its date," it was granted, etc., and "that the certificate shall be conclusive evidence," etc.

We think the discharge alone was properly pleaded, in the complaint in this case, as a bar to proceedings on the judgment described in the complaint, and as a ground for enjoining the sale on the execution.

The judgment is reversed, with costs. Cause remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion.