feet." The defendant stated that he put the pistol in the box when he started from home, because he intended to go to his work about nine miles off; did not go to work but went on home in the wagon ; when he got out of the wagon he got the pistol from out of the box; did not get it out of his pocket ; did not carry it in his pocket; it was in the box until he got it out after he got out of the wagon.

The grounds for new trial are, that the verdict is contrary to law and evidence, and that the court erred as follows: The solicitor-general in argument stated that when the witness was first put upon the stand, he testified that the defendant jumped out of the wagon and went off some distance and then went back and got the pistol from the box in the wagon: The defendant's counsel objected to the making of this statement, whereupon the judge stated in the presence of the jury that he thought the witness had testified as contended by the solicitor-general, repeating the testimony.

M. G. BAYNE and T. S. FELDER, by brief, for plaintiff in error.

W. H. FELTON, Jr., solicitor-general, by brief, *contra.*

---

THE FULTON BAG & COTTON MILLS *v.* WILSON.

1. The rule that, as between employer and employee, the latter in the contract of hiring may assume all risks appertaining to the service, save such as arise from criminal negligence, was declared in the case of *Western & Atlantic R. R.* v. *Bishop,* 50 *Ga.* 465, decided by a full bench in 1872. This case was followed and applied in *W. & A. R. R.* v. *Strong,* and *Hendricks* v. *W. & A. R. R.,* 52 *Ga.* 461, 467. It was also recognized as authority in 1876, in *Galloway* v. *W. & A. R. R.,* 57 *Ga.* 512, and again in 1883, in *Cook* v. *Same,* 72 *Ga.* 48. The acquiescence of the legislature in the principle for so long a time is strong, if not decisive, evidence of the public policy of this State touching the question, more especially as legislative attention must have been called to the subject when the act of 1876 (Code, §4586(b)) was passed, which deals with criminal negligence of railroad employees but forbears to interfere

with the prior law as to other employees or as to employers generally. Under these circumstances, this court, on a review of the above mentioned cases, declines to overrule them, but on the contrary affirms the same in so far as they are unmodified by the statute just cited touching railroad employees. The cases of *Georgia R. R.* v. *Beatie*, 66 *Ga.* 438 and the *Same* v. *Gann*, 68 *Ga.* 350, relate to contracts, not between employer and employee, but between common carrier and consignor, and consequently do not overrule or in any way affect the cases now under review.

2. Construing the contract now in question in the light of the contract adjudicated upon in *W. & A. R. R.* v. *Bishop, supra,* the terms, "he further agrees that he will take upon himself all risks connected with or incident to the employment, and will in no case hold the company liable for any injury or damage to his person or otherwise, he may sustain while thus employed, whether it arises from explosion, or the machinery, or accident, or the negligence or misconduct of himself or any other person employed by the company, or from any other cause," were intended by the parties to cover all negligence, including that of the employer in failing to keep the machinery in safe condition and in omitting to have it properly inspected to ascertain its condition.

May 18, 1892.          *Judgment reversed.*

Master and servant. Contract. Negligence. Before Judge VAN EPPS. City court of Atlanta. September term, 1891.

Action for personal injuries sustained from defendant's negligence in putting the plaintiff to work at defective machinery. The jury found for the plaintiff $250, and the defendant's motion for a new trial was overruled. The motion alleged that the verdict was contrary to law and evidence, and that the court erred in charging, in reference to the contract set up by the defendant, that "a servant cannot legally contract to excuse the master from the consequences of his (the master's) own negligence ; and there is nothing in that contract which will bar the plaintiff's right to recover, if otherwise entitled to recover under the law and the facts as found by you." The only material portion of the contract is set out in the second head-note.

WEIL & GOODWIN, for plaintiff in error.
MAYSON & HILL, *contra.*