BEERS v. HANLIN.

(District Court, D. Oregon. February 22, 1900.)

No. 233.

1. BANKRUPTCY—ACTS OF BANKRUPTCY—PREFERENCE.

A transfer of property by an insolvent debtor to a creditor is not an act of bankruptcy, as being made "with intent to prefer such creditor over his other creditors" (Bankr. Act 1898, § 3a, subd. 2), unless there was, at the time of the transfer, some other creditor holding a claim or demand against the insolvent such as would be provable in bankruptcy.

2. SAME—PROVABLE DEBTS—RIGHT OF ACTION FOR TORT.

A right of action for damages for an assault and battery, not reduced to judgment nor otherwise liquidated under direction of the court, is not a debt or demand provable in bankruptcy, and does not make the injured party a "creditor" of the tort feasor, within the meaning of the bankruptcy law.

In Bankruptcy. On demurrer to petition in involuntary bankruptcy.

M. L. Pipes, Waldemar Seton, and Claude Strahan, for petitioner.

H. H. Northup, for respondent.

BELLINGER, District Judge. The averments of the petition are, in effect, that the respondent transferred his property, being insolvent, to one Aylsworth, with intent to prefer said Aylsworth to his other creditors. It appears that there were no other creditors than the petitioner, and that she was not a creditor at the time the alleged act of bankruptcy was committed, unless an unliquidated claim or right of claim for damages for an assault and battery is sufficient to constitute her a creditor. She avers that the assault and battery was committed on April 22, 1898; that she brought her action therefor on March 23, 1899, and recovered judgment October 28, 1899. The transfer by the respondent to Aylsworth was made on January 22, 1899. The petition in bankruptcy was filed on January 20, 1900. Unless the petitioner was a "creditor" at the time of the transfer to Aylsworth, such transfer did not constitute an act of bankruptcy. A creditor, under the bankrupt act, is one who owns a demand or claim provable in bankruptcy, and this was not such a demand or claim. An unliquidated claim is not provable in bankruptcy. A claim like this, arising out of a tort, must be reduced to judgment, or, pursuant to application to the court, be liquidated in such manner as the court shall direct, in order to be proved against a bankrupt's estate. The demurrer is sustained.