## HAWK v. HAWK et al.

(District Court, W. D. Arkansas, Texarkana Division. June 7, 1900.)

1. WIFE'S INTEREST IN PERSONAL PROPERTY OF HUSBAND—DIVORCE—BANKRUPTCY.

   Under Sand. & H. Dig. § 2517, providing that a wife who is granted a divorce from her husband "shall be entitled to one-third of the husband's personal property absolutely," a wife who has commenced an action for divorce against the husband has no such claim upon the latter's personal property before decree as will entitle her to enjoin the distribution of one-third of the proceeds of such property, in the hands of the husband's trustee in bankruptcy.

2. SAME—PROVABLE CLAIM.

   Under Sand. & H. Dig. § 2517, providing that a wife who is granted a divorce from her husband "shall be entitled to one-third of the husband's personal property absolutely," the interest of a wife in the personal property of the husband after commencement of an action for divorce, but before decree, is not such a claim as is provable against the husband's estate in bankruptcy, under the bankruptcy law of 1898.

In Bankruptcy. Action by Jennie M. Hawk against Hale E. Hawk and John M. Cook, as trustee in bankruptcy, to enjoin the distribution of a fund in the hands of the trustee in bankruptcy. Dismissed.

A petition in this case was filed by Jennie M. Hawk, the wife of the defendant Hale E. Hawk, and John M. Cook as trustee in bankruptcy, on the 22d of May, 1900. It is a petition for a temporary restraining order against John M. Cook, trustee in bankruptcy of Hale E. Hawk, directing said trustee to

withhold from distribution one-third of all the personalty or its proceeds, and one-third of the real estate or its proceeds, belonging to the estate of the said bankrupt; and her petition rests upon the following admitted facts: The plaintiff was married to the defendant Hale E. Hawk on October 8, 1895. At her marriage he was entirely without means, and she had several thousands of dollars in property, which after her marriage she turned over to him, and which he used as his property. Part of it was invested in real estate in his name, and the remainder of it invested in a sawmill and other properties connected therewith, and stood in his own name at the time he contracted the debts now probated against his estate in bankruptcy. The plaintiff lived with her husband, who is a white man, until the year 1900, when he became enamored of a colored woman and drove his wife from the house, took up with the colored woman, furnishing her a home, and lived with her. Ascertaining in the latter part of April that she was about to file a petition for divorce, to prevent her from getting any portion of the estate under the statutes of Arkansas hereafter quoted he filed his petition in bankruptcy on the 27th of April, 1900, and was immediately adjudicated a bankrupt. On the following day the plaintiff filed her petition for divorce in one of the circuit courts of the state, and on the 5th of May following she filed in the same court her petition for alimony and attorney's fees; and alimony had been granted her, to the extent of $18 per month, and $50 attorney's fees, and $20 for expense of taking depositions. That the defendant has filed his schedule of exempt property before the referee to the extent of $500, and the same is now pending for hearing. That a sale of the property of the said bankrupt has been made, the money collected, and May 31, 1900, designated by the said referee as the date of payment of the first dividend out of said bankrupt's estate. That the creditors who have probated their claims are numerous, and they aggregate several thousand dollars more than the assets of the bankrupt's estate. She alleges that she will obtain her divorce in October, 1900, but that, if the trustee is not in the meantime restrained from distributing the estate, he would pay out under the orders of the referee all of the proceeds thereof. She then pleads the statute of Arkansas regulating the distribution of property where the wife obtains a divorce, and prays for a restraining order against the trustee, and such other relief as she may be entitled to. Section 2517 of Sandels & Hill's Digest of the Statutes of Arkansas is as follows: "In every final judgment for divorce from the bonds of matrimony granted to the husband, an order shall be made that each party be restored to all property not disposed of at the commencement of the action, which either party obtained from or through the other during the marriage and in consideration or by reason thereof; and where the divorce is granted to the wife, the court shall make an order that each party be restored to all property not disposed of at the commencement of the action which either party obtained from or through the other during the marriage and in consideration or by reason thereof; and the wife so granted a divorce against the husband shall be entitled to one third of the husband's personal property absolutely, and one third part of all the lands whereof the husband was seized of an estate of inheritance at any time during the marriage for her life, unless the same shall have been relinquished by her in legal form, and every such final order or judgment shall designate the specific property both real and personal, to which such wife is entitled; and when it appears from the evidence in the case, to the satisfaction of the court, that such real estate is not susceptible of the division herein provided for without great prejudice to the parties interested, the court shall order a sale of said real estate to be made by a commissioner to be appointed by the court for that purpose, at public auction to the highest bidder upon the terms and conditions, and at the time and place fixed by the court; and the proceeds of every such sale after deducting the costs and expenses of the same, including the fee allowed said commissioner by said court for his services, shall be paid into said court and by the court divided among the parties in proportion to their respective rights in the premises. The proceedings for enforcing these orders may be by petition of either party specifying the property the other has failed to restore or deliver, upon which the court may proceed to hear and determine the same in a summary manner after ten days' notice to the opposite party. And such order, judgment or decree shall be a bar to all claim of dower in and to any of the lands or personalty of the hus-

band then owned or thereafter acquired on the part of his said wife divorced by the decree of the court."

Green & McRae and T. E. Webber, for petitioner.
Arnold & Williams, for trustee.

ROGERS, District Judge (after stating the facts). It is plain from the language of the petition that it is based and proceeds upon the theory that the personal property, the proceeds of the sale of which are now in the hands of the trustee in bankruptcy, and the distribution of which proceeds it is the object of the petitioner to enjoin, was the property of the bankrupt before and at the time of his adjudication, and that it was personal property. It does not require authority to show that the bankrupt at any time prior to his adjudication in bankruptcy might have disposed of this personal property without the consent of his wife, and, so far as she is concerned, for any purposes that he might have seen fit. When he was adjudicated a bankrupt by operation of law, the same title which he held at the date of his adjudication was, upon his appointment and qualification, vested in his trustee. Bankr. Law 1898, § 70. The petition does not represent that the relief which the petitioner desires rests upon a claim which she has against her husband's estate. She does not claim by the petition that she has a debt against him, or that she has a claim against him based upon any contract, implied or otherwise, or that she is entitled to a judgment because of any tort or trespass or other thing for which she might recover a judgment at law against him. She bases her petition solely upon the provisions of the statute of Arkansas above quoted. By the very terms of that statute, "the wife so granted a divorce against the husband shall be entitled to one third of the husband's personal property absolutely," etc. This one-third interest in the personal property of the husband is to be vested by the decree of the court in the wife when the divorce is granted. Prior to the time such decree is entered, the wife has no debt or claim to the property under this statute. It is not a debt, or a claim, or anything that can be reduced to a judgment, prior to the decree of divorce; nor is it contended by the counsel for the petitioner that it is a claim or debt which the wife has against the husband. On the contrary, the supreme court of Arkansas, in Beene v. Beene, 64 Ark. 522, 43 S. W. 969, in construing the statute referred to, have said that:

"The legislature seems to have enacted that statute for the purpose of putting an end to all after controversies as to dower rights, and to settle the matter when a divorce is granted dissolving the marital bond. Hence the allowance to the divorced wife, who is entitled at all, is exactly or substantially the same as would be her dower interest in case of the death of her husband; that is to say, one-third for life of all the real estate of which he had been seised of an estate of inheritance at any time during the marriage, except such as she has relinquished in due form."

But a wife has no dower rights in the personal property of her husband until after his death; nor has a wife any rights, under this statute, until the decree of divorce is rendered in her favor. She, therefore, is not a creditor, within the meaning of the bankrupt law, or otherwise; nor does she acquire any rights under the statute above

referred to until after her divorce. But if it were contended that she were a creditor, or that the claim which the statute confers is in the nature of a debt, the contention could not be maintained. By the very terms of the bankrupt law, the word "creditor" "shall include any one who owns a demand or claim provable in bankruptcy." Bankr. Law 1898, § 1, cl. 9. "Debt shall include any debt, demand or claim provable in bankruptcy." Id. § 1, cl. 11. "Any person who owns debts, except a corporation, shall be entitled to the benefits of this act as a voluntary bankrupt." Id. § 4. It is clear that the claim set up in this petition, if it may be called a claim at all, is not one provable in bankruptcy. The precise question presented in this case is necessarily novel, but there are some cases under the old bankrupt law which tend to throw light upon the subject,—among others, the following cases: In re Garrett, Fed. Cas. No. 5,252; In re Cotton, Fed. Cas. No. 3,269.

In the case of In re Foye, Fed. Cas. No. 5,021, Judge Lowell held that:

"The costs of an attachment laid by the wife of the bankrupt in a libel for divorce are not provable in the bankruptcy, and are not an equitable charge against the assets of the assignee."

In Beers v. Hanlin, 3 Am. Bankr. Rep. 745, 99 Fed. 695, District Judge Bellinger held that:

"An unliquidated claim is not a provable debt in bankruptcy, and when arising out of a tort must be reduced to a judgment, or, pursuant to the application to the court, be liquidated as the court may direct, in order to be approved. Where, therefore, the only alleged creditor is one who had an unliquidated claim for tort, unreduced to judgment at the time of an alleged preferential transfer, she is not a 'creditor' who can insist that such transfer is an act of bankruptcy."

In that case the editor of the American Bankruptcy Reports, in a footnote, states that the claimant seems to have no standing in court from any point of view; and so it seems to me in this case that the petitioner, having no claim provable in bankruptcy, never having had any right in the personal property, the proceeds of which is in controversy, at any time, which she could assert as against her husband before his bankruptcy, or against his trustee, in whom it was vested after his bankruptcy, can have no standing either in the bankrupt court or in a court of equity, from any point of view.

As to whether or not the bankrupt in this case, when discharged, will be relieved from any decree which the state court may render in the divorce case, this court is not called upon to determine; and what sort of a decree the state court may render with reference to the bankrupt's real estate now vested in his trustee this court does not undertake to decide. The only question it decides at this time is that, assuming all the facts stated in the petition to be true, the petitioner has no standing in this court from any point of view.