### 6757.  WOODCOCK *v.* PERKINS LUMBER CO.

BROYLES, J. This case, by agreement of counsel, was submitted to the trial judge without the intervention of a jury. Under the agreed statement of facts and the admissions made therein by the plaintiff, we can not say that the court erred in overruling the plaintiff's demurrer to the defendant's plea in bar, setting up his discharge in bankruptcy, or in thereafter sustaining the plea of discharge and entering up final judgment in favor of the defendant.     *Judgment affirmed.*

DECIDED MAY 24, 1916.

Action for damages; from city court of Reidsville—Judge Collins.  June 7, 1915.

On November 14, 1911, the Perkins Lumber Company was sued for damages on account of the killing of the plaintiff's husband by reason of the negligence of the defendant, in the running of a passenger-train on a railroad operated by the defendant, while he was a passenger thereon. The defendant filed a plea of discharge in bankruptcy, as follows: "1. That on May 24, 1912, this defendant was adjudged a bankrupt within the meaning and intent of the laws of Congress relating to bankruptcy, . . and within the time allowed by law this defendant filed its petition for a discharge of all its debts, pursuant to the laws of Congress relating to bankruptcy, and afterwards, within the time provided by law, this defendant, under a decree of said district court, rendered August 2, 1913, was duly discharged from all of its debts and claims which are made provable against its estate; a certified copy of said order of discharge being herewith submitted to the court. 2. That the action of the plaintiff, while sounding in tort, arose out of an alleged contract of carriage of a passenger by this defendant, and the said claim set forth in said action was capable of being proven as a claim arising in contract, in said bankruptcy proceedings, and has been discharged in such proceedings (Tindle *v.* Birkett, 205 U. S. 183). 3. That the said claim of the plaintiff was duly scheduled in time for proof and allowance, with the name of such plaintiff, and the said plaintiff had knowledge of such

bankruptcy proceedings in time to make such proof of his claim; a certified copy of said schedules being herewith shown to the court. Wherefore this defendant pleads the said discharge and prays that the same be sustained by the court, and that no further action or proceedings be taken in this case, and that the said discharge be a bar to the further prosecution of the said action." By amendment it was alleged: "The said claim of the plaintiff could have been liquidated if this defendant was even under liability to plaintiff by reason of the allegations set forth in her petition, and, as such claim could have been liquidated and proven in bankruptcy proceedings aforesaid, it is discharged by the discharge of this defendant."

The demurrer to the plea is on the grounds, that it "sets up no defense to said suit, for the reason that the suit is one for damages for personal injury and arises in tort, to wit, the killing of the husband of the plaintiff while a passenger on defendant's train, and is not a debt or claim or demand that was provable in bankruptcy, and has never been liquidated by a judgment of this court or by any other court, and plaintiff has elected to rely upon her suit in the above court and purposely refused to offer in the court of bankruptcy any proof of said claim;" and that the plea "fails to show that said claim is one provable in bankruptcy or that said claim was so proved, or that said claim was by any order of the bankrupt court directed to be proved, as provided by law."

The bill of exceptions recites: "Upon the hearing of the issue raised by the said plea of discharge it was admitted by the plaintiff that after the filing of this suit a petition in bankruptcy in the United States district court of the southern district of Georgia was filed against the Perkins Lumber Company, defendant, and the said defendant was duly adjudged a bankrupt in said proceeding on May 24, 1912; that said . . company duly filed its schedule in said bankruptcy proceeding on May 25, 1912, in which said plaintiff was listed as a creditor, and showing the pendency of this suit . . and that the plaintiff had knowledge of said bankruptcy proceedings in time to prove such claim in the bankruptcy court; that the Perkins Lumber Company was duly discharged on August 2, 1913, as a bankrupt, in accordance with the acts of Congress relating to bankruptcy; that prior to the filing of said bankruptcy proceedings a mortgage-foreclosure proceeding was

filed in the superior court of Tattnall county, Georgia, to fore-
close mortgages on certain assets of the Perkins Lumber Com-
pany, including a railroad owned by it in its own name, but oper-
ated by it under the name of Register & Glennville Railroad, which
was not a chartered railroad, but operated as a common carrier
by Perkins Lumber Company in connection with its sawmill. Said
mortgage proceedings having been filed after the filing of this suit,
receivers were appointed by the State court, and were in posses-
sion of said assets covered by said mortgages prior to such bank-
ruptcy proceedings. The trustee in bankruptcy of said Perkins
Lumber Company has intervened in said foreclosure proceedings,
seeking to have any and all equity in said property covered by said
mortgages, after the payment of said mortgages, to be turned over
to him to be administered in said bankruptcy proceedings. That
said plaintiff has elected to stay out of said bankruptcy proceed-
ings and not to prove [her] claim therein, and admits the alle-
gations in the plea of discharge. The assets covered by said mort-
gages have not been administered by said trustee in bankruptcy,
but are still controlled by the said receivers under the direction of
the said Tattnall superior court. The plaintiff in this case has
intervened in said mortgage foreclosure proceedings in Tattnall
superior court prior to obtaining judgment in this court, and the
said intervention is opposed by the trustee in bankruptcy. Plain-
tiff admits the facts stated in the defendant's plea of discharge."

*H. B. Strange, H. H. Elders,* for plaintiff, cited, on the con-
tention that a claim for damages for a tort is not provable in bank-
ruptcy, and that a discharge in bankruptcy does not relieve the
wrong-doer from liability: 20 Case and Comment, 591 (Feb.
1914); Dunbar *v.* Dunbar, 190 U. S. 340, 350 (23 Sup. Ct. 754;
47 L. ed. 1084); Wetmore *v.* Markoe, 196 U. S. 68 (25 Sup. 172,
49 L. ed. 390); Crawford *v.* Burke, 195 U. S. 176, 193 (25 Sup.
Ct. 9, 49 L. ed. 147); L. Grant Shoe Co. *v.* W. M. Laird Co., 212
U. S. 445 (29 Sup. Ct. 332, 53 L. ed. 591); Re Morse, 111 Fed.
145; Re Southerland, Deady, 416, Fed. Cas. No. 13, 369; Audubon
*v.* Shufeldt, 181 U. S. 575 (21 Sup. Ct. 735, 45 L. ed. 1009);
Re Cotton, Fed. Cas. No. 3269; Re Haensell, 91 Fed. 355; Sibley
*v.* Nason, 196 Mass. 125 (124 Am. St. R. 520, 12 L. R. A. (N. S.)
1173, 12 Ann. Cas. 938); Cleland *v.* Anderson, 66 Neb. 252 (92
N. W. 306, 96 N. W. 212, 98 N. W. 1075, 5 L. R. A. (N. S.) 136,

11 Am. Bkr. R. 605); 1 Remington on Bankruptcy, §§ 635-7; Beers *v.* Hanlin, 99 Fed. 695 (3 Am. Bkr. R. 745) ; Burnham *v.* Pidcock, 5 Am. Bkr. R. 590 (68 N. Y. Supp. 1007) ; McChristall *v.* Clisbee, 5 Ann. Cas. 769; Sanderson *v.* Hunt, 3 Id. 168; In re Sullivan, 2 Am. Bkr. R. 30; In re Colaluca, 133 Fed. 255; Brown *v.* United Button Co., 9 Ann. Cas. 445 (149 Fed. 48; 5, 79 C. C. A. 70) ; Ruling Case Law, 243, § 72; *Green v. Coast Line Railroad,* 97 *Ga.* 15 (24 S. E. 314, 54 L. R. A. 379) ; Civil Code (1910), §§ 2228, 4421.

*Frederick T. Saussy,* for defendant, cited: *Hendricks* v. *Western & Atlantic R. Co.,* 52 *Ga.* 467; *Fulton Mills* v. *Wilson,* 89 *Ga.* 318 (15 S. E. 322) ; *Southern Bell Tel. Co.* v. *Cassin,* 111 *Ga.* 575, 589 (36 S. E. 881, 50 L. R. A. 694) ; *Berry* v. *Northeastern R.,* 72 *Ga.* 137; Hughes *v.* Del, 35 Atl. 190; Bankruptcy act, §§ 1, 11, 17, 47, 57, 63; Liggott *v.* Great Northern Ry. Co., 1 Q. B. Div. 605; Halsbury's Laws of England, Negligence, 455; Dunbar *v.* Dunbar, Crawford *v.* Burke, supra; *Westmoreland* v. *Powell,* 59 *Ga.* 256; Cent. Dig. tit. Bankruptcy, § 818 (c) ; In re Wiggers, Fed. Cas. 17, 623; Hays *v.* Ford, 55 Ind. 52; Manning *v.* Keys, 9 R. I. 224; Comstock *v.* Grout, 17 Vt. 512; Remington on Bankruptcy, § 2740; Burnham *v.* Pidcock, 5 Am. Bkr. R. 45, 168 N. Y. 1007; In re Lorde, 144 Fed. 320; *Smith* v. *Cook,* 71 *Ga.* 705; Boynton *v.* Ball, 121 U. S. 457, 464 (7 Sup. Ct. 981, 30 L. ed. 985) ; In re N. Y. Tunnel Co., 159 Fed. 688; In re Wakefield, 207 Fed. 180.

RUSSELL, C. J., concurring specially. I concur with grave doubt, and only after construing the statement in the bill of exceptions, that the plaintiff "admits the allegations in the plea of discharge," as a solemn admission in judicio that the plaintiff admitted in the lower court that her claim was provable in bankruptcy. Perhaps as much sanctity should attach to an admission upon a proposition of law, even though the proposition admitted is unsound, as if the admission related to a substantive matter of fact, and for this reason I concur in the judgment of affirmance. Personally, I am of the opinion that an unliquidated claim for damages arising from personal injuries is not such a demand as is provable in a court of bankruptcy, certainly not unless proper proceedings to liquidate the claim have intervened prior to the passing upon the final petition for a discharge.