680    CASES IN THE SUPREME COURT

Loftis vs. Glass, Ex.     [JANUARY

---

## LOFTIS vs. GLASS, EX.

A testator directs that his real estate be sold by his executor, and the proceeds divided among his children: such proceeds are personal property; and, upon the death of the children without issue, will be distributed to their mother as next of kin. *Kelly's Heirs vs. McGuire et al., ante.*

*Appeal from the Circuit Court of Lafayette County in Chancery.*

Hon. SHELTON WATSON, Circuit Judge.

PIKE & CUMMINS, for the appellant.

CURRAN & GALLAGHER, contra.

Mr. Justice SCOTT delivered the opinion of the Court.

The complainant, who is the widow of the late Richard F. Loftis, filed a bill in chancery against the defendant, as executor

of the last will and testament of her deceased husband, alleging, in due form, the death of her husband, in the year 1846, in this State, of which he was a citizen: that by his last will, regularly executed before his death, and afterwards admitted to probate, in due form of law, he directed the defendant, his executor, to sell all of his property, real and personal, and to place the whole proceeds at interest until his lawful heirs should become of age; among whom, at that time, it should be equally divided. But, if either one should marry before coming of age, he or she should be deemed of age, and the executor should pay such, his or her proper equal share of the money. Besides, his widow, the complainant, (who claimed and received dower out of the estate) he left three infant children, all of whom afterwards died intestate, before arriving at age, and without issue, none of them having married. By a codicil the testator provided that after five years Powell Loftis should be the executor, and that Glass, the defendant, should pay over all the moneys and effects to him, and that he should then take charge of the whole estate, and pay over the same to the testator's heirs, as directed in the will; and, upon the refusal of the latter, David Loftis was to become executor. That, in accordance with the directions of the will, the defendant, as executor, sold the lands and slaves, has realized the other assets, and has paid the debts; and she prays an account, the correction of various items in the settlements of the defendant, as executor, in the Probate Court, that the residue of the estate may be decreed to her, as distributee of her deceased children, and for general relief.

A general demurrer was interposed and sustained to her bill, and the complainant appealed to this court.

The lands in question having been sold by the executor, in the execution of the power to sell, granted him by the will, the title of the heir was thereby divested; (1 *Litt.* *p.* 169; 1 *Call's R.* 429), and the proceeds of the sale in the executor's hands, was necessarily personal estate. And even before the sale was made, the lands would have been regarded in equity, as the personal estate.

86BB

of the devisee or legatee upon the established principle, that money directed to be employed in the purchase of land, and land directed to be sold and turned into money, are to be considered as the species of property, into which they are to be converted. 1 *Randolph R.* 313; 1 *Mad.* 289, 317; 2 *Mad.* 108; 1 *Ves. & B.* 174; 1 *Hov. Sup.* 121.

The whole residue of the estate of the testator being personal, and having vested in his infant children under his will, and they having died intestate, without issue, and leaving no father then surviving, the complainant, as their mother, was next in the order of succession, fixed by our statute of descents and distributions, as construed in the case of *Kelly et al. vs. McGuire & wife et al.*, decided at the present term, and is entitled to the entire residue to the exclusion of all others. She was, therefore, clearly entitled to the relief sought, and it was error in the court below to sustain the demurrer to her bill; and, for that reason, the decree must be reversed.