## BEENE *v.* BEENE.

### Opinion delivered January 8, 1898.

DIVORCE—CUSTODY OF CHILDREN.—In a suit for divorce the lower court awarded to the father the custody of two boys, aged eight and four years respectively; and to the mother the custody of two girls aged six and one years respectively. The evidence did not show that either parent

was more affectionate toward the children than the other, but it was shown that the father was irritable and impatient, owing to ill-health. *Held*, on appeal, that the custody of the youngest son should be temporarily transferred to the mother, this order being subject to modification or revocation by the court at any time.   (Page 521.)

SAME—ALIMONY.—Under Sand. & H. Dig., § 2517, providing that a wife granted a divorce against her husband "shall be entitled to one-third of the husband's personal property absolutely, and one-third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage for her life, unless the same shall have been relinquished by her in legal form," it is error, where a wife is granted a divorce, to decree her as alimony one-third of the remainder of her husband's estate after deducting the amount of his debts.   (Page 522.)

Appeal from Pike Circuit Court in Chancery

WILL P. FEAZEL, Judge.

*W. C. Rodgers*, for appellant.

The wife's returning to the husband was not a condonement of his mistreatment of her. The forgiveness is conditional, and revives on the repetition of the treatment. 4 Barb. 217; 25 Vt. 678; 20 Ala. 629; 1 Hag. Ecc. 736; 27 Wis. 252; 48 Neb. 794; 10 Paige, Ch. 20; 4 Paige, 462; 20 Ill. App. 253; 101 Mich. 102. The wife is not held to be so strictly barred by condonement as is the husband. 140 Fed. 70; 1 Hag. Ecc. 735; *ib.* 773; 2 Paige, Ch. 108; 2 Gray, 434, 551; 1 Hag. Ecc. 789. The injured party need not wait for an absolute repetition of cruelty. 27 Wis. 252; 2 Gray, 434; 10 Paige, Ch. 20; 1 Hagg. Con. 439; 9 Ark. 507, 515; 83 Va. 806; 1 Hagg. Con. 35. Subsequent acts of cruelty revive condoned cruelty. Such acts may even be such as do not, of themselves, entitle one to a divorce. 10 Paige, Ch. 20; 47 N. E. 123; 25 Vt. 678. The father is not entitled to the custody of the child, when his conduct is such as to forbid it. 37 Ark. 29; 35 W.Va. 698; 50 Ark. 351; 104 Fed. 227; 41 Neb. 475; 89 Wis. 416. Courts will regard the welfare of the child. 32 N. J. Eq. 738, 743; 26 Mo. 91; 50 Ark. 451; 63 Minn. 187; 83 Va. 306; 86 Tenn. 372; 69 Wis. 419; 64 Iowa, 71; 103 Ind. 569; 54 Kas. 219. The modern tendency is to award the custody of young children to the mother. 55 Ala. 428; 2 Bland, Ch. 544, 563; 14 Cal. 512; 15 Wash. 287; 14 Kas. 342. A divorce granted to wife

for cruelty of husband *prima facie* gives her the care of the children. 4 Johns. Ch. 187; 24 N. J. Eq. 137; 14 Cal. 512; 55 Ala. 428, 431; 69 Wis. 419; 5 Binney (Pa.) 520; 2 Bland, Ch. 544, 563; 55 Ala. 431; 14 Cal. 512. The paramount right of the father is destroyed by divorce. 55 Ala. 431; 14 Cal. 512. When the father, by misconduct, forfeits his right to the custody of the children, he should be required to provide for their support. 42 Ark. 495; 2 Bland, Ch. 544, 581; 14 Kas. 342, 347. It was error to decree that plaintiff was entitled to alimony only out of the property possessed by defendant after deducting his debts. Acts 1893, pp. 176, 177. She was entitled absolutely to one-third of the personalty, and to one-third of the realty for life. *Ib.*

*J. D. Shaver* and *W. S. & Farrar L. McCain*, for appellees.

The testimony shows that appellant was to blame equally with appellee, and hence she is not entitled to a decree. 53 Ark. 484; 9 Ark. 507; 38 Ark. 324. This being true, if plaintiff was entitled to any alimony, it cannot be contended that it is the full statutory amount. Since in cases of divorce there are often children to support, and the husband has to support them, it cannot be that the law intended to give the divorced wife one-third of the husband's property, regardless of his debts. The cross-appeal of defendant is jurisdictional (57 Ark. 547), and without it this court will not change the decree, except to reverse it entirely. If there was any error, it is in appellant's favor. The authority of chancery to control the custody of children is a common-law jurisdiction, and the statute is only cumulative. 32 Ark. 92; 38 Ark. 27. Nor is a proceeding for divorce a necessary condition precedent to the exercise of this jurisdiction. 38 Ark. 324. The chancery court makes such decree in this behalf as seems to it reasonable, independently of the divorce proceeding. Sand. & H. Dig., § 2514. The father is the natural guardian of the child, and is to be preferred to the mother in decreeing custody. 37 Ark. 30. The welfare of the child should be considered. 50 Ark. 351; 42 Ark. 495.

BUNN, C. J. This is a bill by the wife against the husband for divorce, for alimony, and for the custody of the children.

The defendant filed his answer and cross-bill, and the prayer of plaintiff for divorce was granted. Alimony was allowed to the extent of one-third of the ascertained value of defendant's estate, after deducting his indebtedness; and, of the four children, the plaintiff was awarded the custody of the two girls, Lena A. Beene and Mary Gracie Beene, aged at the time of the hearing, respectively, six years and one year; and the defendant was awarded the custody of the two boys, W. Ray Beene and Morgan Beene, aged at the time, respectively, eight and four years. And the court ordered that "both plaintiff and defendant should permit the other to visit and see the children, respectively awarded to them, at all reasonable times." And the cross-bill of defendant was dismissed.

From this decree as to alimony, and the awarding the custody of the two boys to defendant, the plaintiff appealed; and the defendant took a cross-appeal from the decree dismissing his cross-bill, and on the question of alimony, and awarding the custody of the two girls to the plaintiff. This cross-appeal was dismissed, on motion of appellee, before submission.

The evidence adduced in the case is certainly not very complimentary to either party in respect to their treatment of, and deportment toward, each other, showing an almost total absence of that love and affection which should characterize those sustaining the marital relation to each other; and yet there is little to aid us in determining what has been, or what probably will be, the conduct of either in the treatment of their children. There is little from which we could infer any unusual presence or absence of parental love and affection for the children, on the part of either. The consequence is, the proper disposition of their children can only be determined from circumstances such as the physical condition and ability of the parents to care for their children, and the superior qualification for such duties which nature has conferred upon the one or the other.

The father (the defendant) is shown to be in most wretched physical health, and consequently laboring under the usual infirmity belonging to such state of health,—irritability and impatience. The mother, on the other hand, appears to be the very opposite. The elder of the boys, now about nine years old, has probably arrived at that age when a father's peculiar

character of oversight and control may begin to be more necessary than the mother's, and for that reason we do not desire to disturb the directions of the chancellor as to him; but the younger of the boys, not yet five years old, it seems to us, is in special need of a mother's care and control,—that care and control which a father is ill suited by nature to exercise. We think the mother should have the present custody of this little boy; but, whatever orders are made in this regard, they should be expressly temporary in ther operation, and subject at all times to be revoked or modified, to the end that the care and control of the child may be under the strict supervision of the court.

As to the question of alimony, that is settled by statute. See section 2517, Sand. & H. Dig. The legislature seems to have enacted that statute for the purpose of putting an end to all after controversies as to dower rights, and to settle the matter when a divorce is granted dissolving the marital bonds. Hence the allowance to the divorced wife, who is entitled at all, is exactly or substantially the same as would be her dower interest in case of the death of her husband; that is to say, one-third for life of all the real estate of which he has been seized of an estate of inheritance at any time during the marriage, except such as she has relinquished in due form. The court therefore erred in decreeing her only one-third of the remainder of his estate after deducting the amount of his debts, and should have alloted her one-third the value of his personalty absolutely, without taking his indebtedness into consideration, and should have given her one-third of his realty for her natural life, and ordered otherwise as the statute provides.

For these errors the decree is reversed, and the cause remanded, with directions to modify the decree appealed from as herein indicated.