### In re McKENZIE.

(District Court, E. D. Arkansas, W. D. November 7, 1904.)

1. BANKRUPTCY—DEATH OF BANKRUPT—RIGHT OF WIDOW TO DOWER.

   The proviso to Bankr. Act July 1, 1898, c. 541, § 8, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3424], that in case of the death of a bankrupt the widow and children shall be entitled to all rights of dower and allowance fixed by the laws of the state, does not confer nor extend a right of dower, but makes the right of a bankrupt's widow to dower, and its nature and extent, dependent entirely upon the local law.

2. SAME—ARKANSAS STATUTE.

   Under Sand. & H. Dig. Ark. § 2541, which gives a widow as part of her dower one-third of the personal estate "whereof the husband died seised or possessed," the widow of a bankrupt who died after his adjudication, and after a trustee had been elected and had taken possession of his estate, is not entitled to a dower interest in the personal property, the title to which passed to the trustee absolutely by virtue of Bankr. Act July 1, 1898, c. 541, § 70, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451], as of the date of the adjudication, as property which might have been transferred by the bankrupt free from any claim of the wife and without her consent.

In Bankruptcy. On petition of widow of bankrupt for assignment of dower.

Sallie A. McKenzie, widow of the bankrupt, filed her petition with the referee for an assignment of dower in the real and personal property of the deceased bankrupt. At the request and by consent of both parties, the widow and the trustee, the petition was certified to the court for determination without first submitting it to the referee.

The facts as agreed upon are as follows: The bankrupt filed his voluntary petition and was adjudicated a bankrupt on the 16th day of February, 1904. On the ——— day of March, 1904, James Gould was duly elected the trustee of the bankrupt estate, and, having qualified as such, took possession of the property belonging to the bankrupt. The personalty has been sold by the trustee in due course of the administration of the estate. While the proceeds of the sale were in his possession, to wit, on the 19th day of June, 1904, the bankrupt, after having received his discharge, died, leaving him surviving the petitioner, his widow. As there is no dispute as to her right to dower in the real estate, it is useless to refer to that part of the petition.

The statute of Arkansas in relation to the dower in personalty provides (section 2541, Sand. & H. Dig.): "A widow shall be entitled, as part of her dower, absolutely and in her own right, to one-third part of the personal estate, including cash on hand, bonds, bills, notes, book accounts and evidences of debt, whereof the husband died seised or possessed."

White & Altheimer, for petitioner.
J. M. & J. G. Taylor, for trustee.

TRIEBER, District Judge (after stating the facts). The proviso of section 8 of the bankruptcy act provides that "in case of death the widow and children shall be entitled to all rights of dower and allowance fixed by the laws of the state of the bankrupt's residence."

Under the statute of Arkansas, which is set out in the foregoing statement of facts, it is necessary, in order to entitle a widow to dower in personalty, to establish, in addition to the marriage and death of the husband, the further fact that he died seised or possessed of the personalty.

Section 70 of the bankruptcy act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451], vests, by operation of law, in the trustee of the bankrupt's estate the title to all the property belonging to the bankrupt as of the date he was adjudicated a bankrupt, and as, in the case at bar, the adjudication took place before his death, and the trustee was in the actual possession of the property before that time, the bankrupt was therefore neither seised nor possessed of the same at the time of his decease. That under the laws of the state of Arkansas the widow is not entitled to dower in personalty under these circumstances is too clear to require argument, but if there were any room for doubt it is removed by the construction placed on this statute by the Supreme Court of the state.

In Arnett v. Arnett, 14 Ark. 57, slaves had been levied upon by the sheriff under a writ of execution. Before the sale the debtor died, and his widow claimed dower in the property in the possession of the sheriff under the writ of execution. The court denied the claim, holding:

"This section, unlike that which allows dower in real estate, limits the wife's right to dower to the slaves of which the husband was, at the time of his death, seised or possessed, and cuts off all claim to dower where the slaves have been disposed of prior to his death, and this without her co-operation or assent. The whole question then turns upon the effect of the levy, which, although insufficient to divest the defendant in execution of title to the property levied upon—for that does not pass until after sale—does, when made on personal estate, disseise the defendant and dispossess him of the property levied upon; for whether the officer takes the property into possession or not, it is, in contemplation of law, in his custody; he is responsible for it, and has a right to hold it against the claims of the defendant in execu-

tion and all others. It is taken in satisfaction of the debt, and is held and taken as such until sold or the levy is otherwise discharged. The levy in this case was not only a disseisin in law, but also in fact; for the property was not only actually taken out of his possession, but beyond the control of the defendant, or his power to reclaim or reduce it to possession by mere force of legal right. The defendant in execution, therefore, had not at the time of his death such seisin or possession as to entitle complainant to dower in the slaves."

In Crow v. Powers, 19 Ark. 424, it was held that a deed of manumission of a slave, though to take effect only at the death of the grantor, was such a want of possession upon his death that the widow was not entitled to dower.

In McClure v. Owens, 32 Ark. 443, it was held that the mortgage of personalty by the husband, in which the wife did not join, although the mortgage was not recorded, deprives her of her right of dower therein. The court in that case say:

"The wife, by marriage, has no such inchoate right of dower in the personal estate of her husband as she has in his real estate, and he may sell, mortgage, or dispose of the same at his pleasure. Her right of dower in his personal estate does not accrue until his death, and only in such as he then owns."

If a mere seizure under execution, or a manumission of slaves to take effect upon his death, defeats the widow's claim of dower, the adjudication in bankruptcy, which absolutely divested the bankrupt of the title to the property and vested it in the trustee, certainly must have the same effect.

It has been held by the Supreme Court that the mere filing of the petition in bankruptcy is in effect an attachment and injunction. Mueller v. Nugent, 184 U. S. 1, 14, 22 Sup. Ct. 269, 46 L. Ed. 405. The adjudication, election of the trustee, and taking possession of the personalty by the trustee makes the trustee's title to it perfect, so that the bankrupt is no longer seised or possessed of it. In re Meyer (D. C.) 106 Fed. 828; McFarland Carriage Co. v. Solonas (C. C.) 108 Fed. 532; Hawk v. Hawk (C. C.) 102 Fed. 679.

But it is claimed by counsel for the widow that the bankruptcy act extends the right of a widow to dower to the time the personalty of the estate is actually distributed, and that in contemplation of law the bankrupt is seised and possessed of the bankrupt estate, for the purpose of the widow's dower, until the proceeds are actually distributed among the creditors.

If this proviso were to be considered regardless of any of the other provisions of the bankruptcy act or the provisions of the former bankruptcy acts, there might be some reason for this contention; but it is a well-settled rule of law that in construing any section of a statute the intention of the Legislature must be gathered from the entire act, and every part of it must be taken into consideration, and comparison may also be made with statutes in pari materia. Kohlsaat v. Murphy, 96 U. S. 153, 24 L. Ed. 844.

The bankruptcy act of 1841 contained a similar provision as to the rights of wives in relation to dower. Section 2 of the Act, c. 9, 5 Stat. 442.

In Worcester v. Clark, 2 Grant, Cas. (Pa.) 84, the court had held, in construing that act, that this proviso alone saved the right of

dower, but this was expressly overruled by the Supreme Court in Porter v. Lazear, 109 U. S. 84, 89, 3 Sup. Ct. 58, 61, 27 L. Ed. 865, where the court say:

"Upon this question of construction we are not bound by the opinion of the state court, and have no hesitation in disapproving the dictum, and in holding that the proviso ruled on was not in the nature of an exception to, or restriction upon, the operative words of the act, but was a mere declaration, inserted for greater caution, of the construction which the act must have received without any such proviso, and that the omission of the proviso in the recent bankrupt act (referring to the act of 1867 [Bankr. Act March 2, 1867, c. 176, 14 Stat. 517]) does not enlarge the effect of the assignment or of the sale in bankruptcy, so as to include lawful rights which belong, not to the bankrupt, but to his wife."

Section 70 of the present act vests the title of the bankrupt's estate in the trustee as of the date he was adjudged a bankrupt. Under the act of 1867 (Rev. St. § 5044) the title to the bankrupt's estate, which vested in the assignee, related back to the filing of the petition. Section 8 of the present act (Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3424]) provides that:

"The death or insanity of a bankrupt shall not abate the proceedings, but the same shall be conducted and concluded in the same manner, so far as possible, as though he had not died or become insane."

Under the bankruptcy act of 1867 (Rev. St. § 5090), the proceedings in bankruptcy would abate upon the death of the insolvent if it occurred prior to the issuing of the warrant. As the bankrupt may die after the filing of the petition before there is an adjudication, and consequently before the title to the estate becomes vested in the trustee, under the provisions of section 70, and the proceedings would not abate by reason of the death, there might have been some question as to whether the widow would be entitled to dower in the personalty of her husband under a statute such as is in force in the state of Arkansas. To remove all doubt on this subject this provision was undoubtedly enacted.

In Hawk v. Hawk (C. C.) 102 Fed. 679, while the facts were somewhat different from those in this case, yet the principle involved was practically the same.

The statute of Arkansas provides (Sand. & H. Dig. § 2517):

"In every final judgment for divorce from the bonds of matrimony granted to the husband, an order shall be made that each party be restored to all property not disposed of at the commencement of the action, which either party obtained from or through the other during the marriage and in consideration or by reason thereof; and where the divorce is granted to the wife, the court shall make an order that each party be restored to all property not disposed of at the commencement of the action which either party obtained from or through the other during the marriage and in consideration or by reason thereof; and the wife so granted a divorce against the husband shall be entitled to one-third of the husband's personal property absolutely, and one-third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage for her life, unless the same shall have been relinquished by her in legal form, and every such final order or judgment shall designate the specific property, both real and personal, to which such wife is entitled; and when it appears from the evidence in the case, to the satisfaction of the court, that such real estate is not susceptible of the division herein provided for without great prejudice to the parties interested, the court shall order a sale of said real estate to be made by a com-

missioner to be appointed by the court for that purpose, at public auction to the highest bidder upon the terms and conditions, and at the time and place fixed by the court; and the proceeds of every such sale after deducting the cost and expenses of the same, including the fee allowed said commissioner by said court for his services, shall be paid into said court and by the court divided among the parties in proportion to their respective rights in the premises. The proceedings for enforcing these orders may be by petition of either party specifying the property the other has failed to restore or deliver, upon which the court may proceed to hear and determine the same in a summary manner after ten days' notice to the opposite party. And such order, judgment or decree shall be a bar to all claim of dower in and to any of the lands or personalty of the husband then owned or thereafter acquired on the part of his said wife divorced by the decree of the court."

This statute the Supreme Court of the state, in Beene v. Beene, 64 Ark. 518, 43 S. W. 968, has construed to be "exactly or substantially the same as the dower statute," the court saying:

"The Legislature seems to have enacted that statute for putting an end to all after controversies as to dower rights and to settle the matter when a divorce is granted dissolving the marital bonds. Hence the allowance to the divorced wife, who is entitled at all, is exactly or substantially the same as would be her dower interest in case of the death of her husband; that is to say, one-third for life of all the real estate of which he has been seised of an estate of inheritance at any time during his marriage, except such as she has relinquished in due form."

In the Hawk Case the wife of the bankrupt, who had instituted proceedings for a divorce, made a claim to the allowance provided for in the foregoing statute. Judge Rogers, in his able opinion, after referring to that statute and the fact that the alimony to which the wife is entitled under it is like dower, says:

"But a wife has no dower right in the personal property of her husband until after his death, nor had the wife any rights under this statute until the decree of divorce is rendered in her favor."

And in another part of his opinion he states the law to be:

"It does not require authority to show that the bankrupt, at any time prior to his adjudication in bankruptcy, might have disposed of his personal property without the consent of his wife, and, so far as she is concerned, for any purpose that he might have seen fit. When he was adjudicated a bankrupt, by operation of law the same title which he held at the date of his adjudication was, upon his appointment and qualification, vested in his trustee."

In my opinion, the intention of Congress was to allow the bankrupt's widow all the rights granted to her by the laws of the state of the bankrupt's residence, and for that purpose adopted the laws of the state in the same manner as it adopted the homestead and exemption laws. What that right of dower and the nature of it shall be depends entirely upon the local law. Loveland on Bankruptcy (2d Ed.) § 164; Collier on Bankruptcy (4th Ed.) p. 110; Brandenburg on Bankruptcy (3d Ed.) § 230.

The death of the bankrupt having occurred after he had been divested of the seisin and possession of the personalty, the widow is not entitled to dower in the personal property.

The petition, so far as it relates to a claim of dower to personalty, is denied. In the realty she is entitled to dower as she would be in the case of a sale under execution.