## KITCHENS v. JONES.

### Opinion delivered October 12, 1908.

1. MORTGAGE—EQUITY OF REDEMPTION—NATURE OF ESTATE.—A mortgagor's equity of redemption is deemed the real and beneficial estate, tantamount to the fee at law, and is descendible by inheritance, devisable by will and alienable by deed, precisely as if it were an estate of inheritance at law. (Page 503.)

2. REAL PROPERTY—CONVERSION—EFFECT.—Where a decedent left real property subject to a mortgage, which was subsequently foreclosed by order of court, the surplus of the proceeds of the foreclosure sale retained the character of real estate for the purpose of determining who was entitled to receive it. (Page 504.)

Appeal from Phillips Circuit Court; *Hance N. Hutton,* Judge; reversed.

*Campbell & Stevenson* and *J. M. Vineyard,* for appellant.

1. This case calls for a construction of sec. 3, Kirby's Digest. It was held, 33 Ark. 824, that the word "estate," mentioned in sec. 3, Mansfield's Digest, signified the entire estate, real and personal of the deceased; but thereafter the present act was passed, repealing the former act (70 Ark. 25) and limiting the allowance of $300 to the widow out of the personal estate only. *Id.*

2. The estate of a mortgagor of land, the equity of redemption, is an estate in land. 11 Am. & Eng. Enc. of L. (2 Ed.), 210, 211; 6 Ark. 269, 274; 18 Ark. 85; 1 Jones, Mortg. § 11; *id.* § 6; 1 Atk. 603; 8 Wall. 318. No foreclosure having been taken at the time of the death of the husband in this case, appellant's rights are fixed by the character of the estate at the time of his death.

*M. L. Stephenson,* for appellee.

The power to convert an estate from real to personal property is well established in this State. 41 Ark. 282; 48 Ark. 557; 69 Ark. 237; 57 Ark. 485; 15 Ark. 681: 9 Enc. Law & Proc. 822. "Whenever the language of a deed of trust expresses the intention of its author that the real estate may be sold and converted into money, the estate thus conveyed and impressed with the character of personalty will, as to the claimant after the death of the maker of the deed, retain that character, and be regarded as personal estate. *Id.* 828.

HILL, C. J. John Jones died in April, 1906, leaving a widow and children, some of whom were minors. At the time of his death he was the owner of certain real estate in the city of Helena, which was incumbered by a deed of trust. Default had occurred in the performance of the conditions of the deed of trust before his death, and after his death the deed was foreclosed in the chancery court, the property sold by a commissioner of the court to satisfy the mortgage debt. The proceeds of the sale paid off the mortgage, and left a surplus of $554.57, which was turned over by the commissioner in chancery to Kitchens, public administrator, who was administering the estate of Jones. The land was not the homestead of the deceased. The dower rights of the widow had been released in the trust deed. This surplus was the only asset of the estate, which was insolvent.

Charity Jones filed a petition in the probate court of Phillip's County, representing that she was the widow, and that there were minor children of the said John Jones, deceased; that the estate of her husband exceeded three hundred dollars in value; and she prayed that the sum of $300 be paid to her out of said fund for the use of herself and minor children. Trial was had in the probate court, and on appeal in the circuit court upon an agreed statement of facts. The circuit judge granted the petition, and the administrator has appealed.

This appeal involves a construction of section 3 of Kirby's Digest, which reads as follows: "When any person shall die, leaving a widow and minor children, or widow, or minor children, and it shall be made to appear to the court that the personal estate of such deceased person does not exceed in value

the sum of three hundred dollars, the court shall make an order vesting such personal property absolutely in the widow and minor children, or widow, or minor children, as the case may be, when the court is satisfied that reasonable funeral expenses of such persons not to exceed twenty-five dollars have been paid or secured; and in all cases where the personal estate exceeds in value the sum of three hundred dollars, the widow and minor children, or widow, or minor children, as the case may be, may retain the amount of three hundred dollars out of such personal property at its appraised valuation."

In *Wilson* v. *Massie,* 70 Ark. 25, it was held that this statute repealed the pre-existing statutes upon this subject and effected a change in the law from an estimate of the whole mass of the decedent's property to an estimate of the personal property alone, in making this allowance to the widow and minor children. This case therefore turns upon the character of the estate of Jones in the mortgaged property.

In *State* v. *Lawson,* 6 Ark. 269, the court said: "The equity of redemption is considered to be the real and beneficial estate, tantamount to the fee at law, and is accordingly held to be descendible by inheritance, devisable by will and alienable by deed, precisely as if it were an estate of inheritance at law."

The nature of the equity of redemption is thus stated in the Encyclopedia: "An equity of redemption is an estate in the mortgaged property, and is subject to all the incidents of ownership. It may be conveyed or devised; it descends to the owner's heirs or personal representatives, according to the nature of the mortgaged property, and is subject to curtesy and homestead." 11 Am. & Eng. Enc. 209, 210. The text is well supported by authorities, including several Arkansas cases, cited in the note. It is clear, therefore, that the equity of redemption left by Jones at his death was real property, and descended as real property descends. The question remains, whether its conversion into cash through the foreclosure of the mortgage changed its character within the meaning of this statute.

The argument is made that the power of conversion is well established, and that the chancery court had the right to convert the realty into personalty; and, having that right, that it changed the character of the property. A consideration of the

cases cited may be useful. *Coolidge* v. *Burke,* 69 Ark. 237, and *Lenow* v. *Fones,* 48 Ark. 557, were cases where the surviving partner converted partnership assets from one class of prop- erty to another, and it was held that the property passed in its converted state. The same principle was recently recognized in *French* v. *Vanatta,* 83 Ark. 306.

There is a radical difference between those cases and this. The estate of a partner does not take a share of the partner- ship assets until the partnership is wound up; and a surviving partner, or a court, in order to wind it up, may convert it; and, naturally, the asset coming from the partnership should descend in the form in which it falls into the estate. But in the case at bar the right of the widow and minor heirs accrued, under the plain terms of the statute, at the time of the death of the husband and father, and not at a later time when, in the course of the administration of his estate, his property has been changed from realty to personalty.

In *Loftis* v. *Glass,* 15 Ark. 680, and *Turner* v. *Davis,* 41 Ark. 270, the interest under consideration was the proceeds of a sale of real estate, and not the real estate itself; and it was held that the interest was personalty. That is not true here. for the inheritance was, not of the proceeds, but of the land itself, subject to the mortgage, which could have been dis- charged at any time by the payment of the mortgage debt.

In re *Simmons,* 55 Ark. 485, after stating the rule that where a conversion is rightfully made, whether by court or trustee, all the consequences of conversion must follow, the court, through Chief Justice COCKRILL, said: "It may be that this statement of the rule is subject to the explanation or qualifi- cation that the conversion takes effect only to the extent of the purpose for which conversion was required—where, for exam- ple, a surplus remains from the proceeds of land sold to satisfy a decree of foreclosure. In such a case the conversion to raise a surplus over the decree and costs was not required, and was probably not intended by the court; and the rights of the parties in interest, it is held, remain the same as if no conversion had taken place, although the sale was rightful."

This statement of the principle is absolutely conclusive

here, and is in accord with the authorities, as will be seen by those cited in the opinion.

Mr. Woerner thus states the same principle: "By the sale the real estate is converted into money. But the conversion is complete and effectual only to the extent and for the purposes for which the sale was authorized, whether by the will, or by the order of the court. So far as these purposes do not extend, and in so far as any of them do not take effect in fact or in law, the property retains its former character in respect of the rights of its owner, and passes accordingly. The surplus of the proceeds of a sale ordered for the payment of debts remaining after the debts and expenses of administration have been discharged retains the character of real estate for the purpose of determining who is entitled to receive it, and goes to the persons to whom the real estate would have gone but for the conversion." 2 Woerner on Administration, § 481.

The status of the decedent's estate is fixed under this statute when he dies, and the allowance contemplated by it must be made out of the personal property as it then existed, and not from the proceeds of realty which may thereafter assume personal form. In this case his equity of redemption descended, at his death, to his widow and children, according to the statute of descent and distribution, as realty. Its subsequent conversion to pay the debt against it does not let them in to share in it as personal property, for the only purpose of the conversion was to pay the mortgage debt, and not to change the status of the property.

The judgment is reversed, and the cause remanded, with directions to enter a judgment in conformity to this opinion.