## LANCE v. MASON.

### Opinion delivered December 12, 1921.

1. DIVORCE—PARTIES—RIGHT TO APPEAL.—As the husband and wife are the only proper parties to a divorce suit, a third person could not defend therein, nor appeal from a decree granting a divorce.

2. DIVORCE—DIVISION OF PROPERTY.—Under Crawford & Moses' Dig., § 3511, providing that a wife who shall obtain a divorce shall be awarded "one-third of all the lands whereof the husband was seized of an estate of inheritance at any time during the marriage for her life, unless the same shall have been relinquished by her in legal form," held that the interest of the wife was limited to a life estate.

3. FRAUDULENT CONVEYANCES—PARTICIPATION IN FRAUD—EVIDENCE.— Evidence held not to sustain a finding that a defendant participated in a fraudulent scheme to defeat a divorced wife's claims for her interest in her husband's personal property which the husband removed from the State, or to defeat her claim for future allowances of alimony.

4. SUBROGATION—REMOVAL OF INCUMBRANCE.—One who purchased land from a husband, assuming a mortgage which he subsequently paid off, is entitled to be subrogated to the rights of the mortgagee where one-third of the land is subsequently set apart to the grantor's wife in a decree awarding her a divorce.

5. DIVORCE—DIVISION OF PROPERTY.—In assigning to a divorced wife her statutory interest out of the lands belonging to her husband subject to a mortgage, she takes her undivided one-third life interest in her husband's estate, according to value, subject to the payment of a just proportion of a mortgage assumed by her husband as a part of the purchased price when he bought the property.

Appeal from Crawford Chancery Court; *J. V. Bourland*, Chancellor; reversed in part.

*Johnson & Shaver*, for appellants.

1. It was error to grant a decree of divorce in favor of the wife upon her uncorroborated testimony. 38 Ark. 119; 54 *Id.* 20; 38 *Id.* 324; 122 *Id.* 346. And without proof of her residence in the State. C. & M. Dig., § 3505. Appellant is entitled to urge this error (1) because plaintiff is not entitled to dower until the death of her husband. 5 Ark. 608; 31 *Id.* 576. Nor to dower in the proceeds derived from the sale of lands, but must look to the

specific property. 27 Ark. 306. (2) The statute, C. & M. Dig., § 3511, affords the only remedy open to her to obtain a share of his estate prior to his death, and under it she must allege and prove some ground of divorce.

2. It was error to decree to appellee one-third of her husband's undivided one-half interest in the lands, in fee simple. The statute provides an interest for life, not in fee simple.

3. The court erred in holding that the other two-thirds interest in the land for the payment of the $1,000 in the lands should be charged with a lien to satisfy a judgment in favor of plaintiff for the sum of $1,100, which the court found to be her dower interest in her husband's personal property. *Austin* v. *Austin,* 143 Ark. 222 has no application here. No fraudulent participation in transfer brought home to appellant, and certainly it will not be presumed.

4. A lien cannot be declared on lands for the payment of future alimony. 38 Ark. 119. And to adjudge a lien in favor of the plaintiff upon her husband's two-thirds interest in the land for the payment of the $1,100 and future orders of alimony, and to declare this lien superior to appellant's lien for the money he had paid the Security Mortgage Company, was patent error. §§ 2 and 21, art. 2, Constitution.

*J. E. London,* for appellee.

Appellant is in no position to urge errors in the divorce proceedings. Moreover no objection was raised to the want of corroboration in the court below. That question cannot be raised here for the first time. 59 Ark. 215; 61 *Id.* 515; 67 *Id.* 543; 70 *Id.* 197; 62 *Id.* 262. The probate court was entirely without jurisdiction to order the sale of Mrs. Mason's dower interest in the land. A special statute provides for a proceeding in chancery for the sale of dower interest in land where the wife is insane. C. & M. Digest., § 3561. The court was right in declaring a lien upon the lands for her interest in the

personal property removed by the husband out of the State. *Austin* v. *Austin*, 143 Ark. 222; 126 *Id*. 164.

Appellant, knowing that the appellee was confined in the State hospital for nervous diseases at the time he purchased the lands from the husband, and, in further-ance of the fraud practiced on her, in order to get pos-session of the lands, paid off the existing mortgage on the lands, will not be protected as against the appellee.    38 Am. St. Rep. 656; 54 *Id*. 604; 56 Kansas, 724; 39 *Id*. 599; 95 U. S. 714; 33 Kans. 572; 48 *Id*. 636; 54 N. H. 213; 107 Mass. 528.

HUMPHREYS, J.    Appellee instituted suit in the Crawford County Chancery Court against her husband, W. H. Mason, for divorce and division of his property under section 3511 of Crawford & Moses' Digest, and for alimony.    In addition to the original bill, in the course of the proceedings she filed an amended bill and a supplemental bill.    Two grounds for divorce were alleged: First, that her husband offered such indigni-ties to her as to render her condition intolerable, and, second, deserted her.    She obtained constructive service upon her husband, who was residing in Oklahoma when the suit was instituted.    W. D. Patton and the appel-lant, William Lance, were made parties to the suit for the purpose of canceling a deed to the west half of the southwest quarter of section 27 and the east half of the east half of section 28, in township 13 south, range 32 west, in Little River County, Arkansas, and contain-ing 240 acres, more or less, executed on the 15th day of September, 1919, to appellant William Lance by appel-lee's husband and Y. D. Abercrombie, the joint owners of said real estate, and W. D. Patton, guardian for ap-pellee by appointment of the probate court, upon the alleged ground that the conveyance was made for the fraudulent purpose of defeating appellee of her in-choate dower interest therein and her claim for alimony.

Appellant William Lance filed answer, denying the allegations of fraud, and alleged that he purchased the

land in good faith; that he paid the joint owners $5,000 each in cash, and as a part of the consideration assumed a mortgage indebtedness against the land in favor of the Security Mortgage Company for $5,000 and accumulated interest, which he afterwards paid. The prayer of the answer was in the alternative, first asking for a dismissal of appellee's cause of action in so far as the rights of appellant were concerned, but in the event appellee was decreed any interest in the lands that it be decreed subject to a proper proportionate charge on a mortgage he had paid to the Security Mortgage Company.

The cause was submitted to the court on the pleadings and evidence, which resulted in an absolute decree of divorce in favor of appellee, a cancellation of the deed, the vesting in appellee of an undivided one-third interest of her husband's one-half interest in said real estate, free of the mortgage incumbrance, and subjection of the balance of his interest therein, free of incumbrance, to the payment of $1,100 allowed appellee as her interest in personal property removed by W. H. Mason from the State, and to any further sums which might be allowed her as alimony against her former husband. From this decree appellant has duly prosecuted an appeal to this court.

The records reflects that the land in question was purchased by Y. D. Abercrombie and W. H. Mason jointly from John Brazil for $2,000 and the assumption by each of one-half of a $5000 mortgage thereon to the Security Mortgage Company; that on the 15th day of September, 1919, Y. D. Abercrombie and W. H. Mason conveyed same to appellant William Lance, for a consideration of $15,000, $10,000 of which was paid in cash and the balance paid by the assumption of a $5,000 mortgage to the Security Mortgage Company; that the dower interest of appellee was conveyed in the latter deed by her guardian, W. D. Patton, under order of the Crawford County Probate Court, obtained on the application of W. H. Mason. At the time of the execution

of the deed appellee was incarcerated in the State Hospital for Nervous Diseases. Appellant William Lance paid the mortgage of $5,000 to the Security Mortgage Company in December, 1919.

Appellee testified that she and W. H. Mason were intermarried and lived together as husband and wife until about the first day of August, 1919, and without any cause he abandoned her, and, in company with his two daughters by his first wife, left their home for Oklahoma in his car; that he afterwards returned and took their two boys, one four and the other six years of age, to Oklahoma with him; that when he did this she went to live at Dyer.

The application to the probate court of Crawford County for an order on W. D. Patton, guardian of appellee, to convey in her stead her inchoate right of dower in said real estate was filed in the probate court on September 15, 1919, and recited that he could sell the real estate at a profit of $3,900, which was for the benefit of himself and appellee, his wife. The judgment of the probate court recited that, after hearing the oral evidence of Y. D. Abercrombie and others, the guardian of appellee, W. D. Patton, is authorized to release appellee's inchoate right of dower in said land.

W. D. Patton testified that he was guardian of appellee at the time he signed the deed conveying her inchoate right of dower to appellant William Lance; that W. H. Mason came to him and said he wanted him to sign the deed; that he went to Mason's office and was there shown an order of the probate court directing him to sign it; that he supposed it was all right and signed it; that William Lance was present when he signed it; that he received no money for appellee on account of signing the deed.

William Lance testified as follows: "I live at Foreman, Arkansas. I bought this land from Mason and Abercrombie. I made the bargain with Abercrombie. I went to Little River County to look at it; I then came

back home and closed the trade with Mason here; I was at Van Buren and Alma. I did not know whether Mason had a wife until I got back here, and he told me that his wife was in the asylum, and he would have to get an order of the probate court for her guardian to sign the deed. I was present when Patton signed the deed for Mason's wife. I was to pay Mason $5,000 for his part of the land; also paid Abercrombie the same, but there was a second mortgage on the land which Abercrombie had paid off and considerable back taxes and interest. I paid the taxes on the land since. I am now in possession of the land. When I bought this land, it was subject to a $5,000 mortgage which I assumed and agreed to pay. I paid this mortgage in December, 1919. There was another mortgage on the place, but Abercrombie paid that off and I took it subject to the $5,000 mortgage.''

Appellant first contends that the court erred in granting a decree of divorce to appellee. The only necessary and proper parties to a divorce proceeding are the husband and wife. A third party cannot defend against a suit for divorce. The husband and wife were distinctly the parties to the marriage contract, and as a matter of policy it can only be annulled at the instance of one or the other, who is not at fault, upon one of the statutory grounds, or fraud which induced the marriage practiced by one upon the other. A third party, being without interest in the contract, cannot defend in a suit between the parties in interest to annul it. As appellant could not defend against the divorce proceedings proper, it follows that he could not appeal from the divorce decree, and that branch of the case, therefore, is not properly before us for review.

Appellant's next insistence for reversal is that the court erred in decreeing appellee a one-third interest in fee simple in her husband's share of said real estate. Section 3511 of Crawford & Moses' Digest provides that a wife who shall obtain a divorce shall be awarded ''one-third of all the lands whereof her husband was seized

of an estate of inheritance at any time during the marriage for her life, unless the same shall have been relinquished by her in legal form, and every such final order or judgment shall designate the specific property, both real and personal, to which such wife is entitled."

In the instant case appellee had not relinquished her inchoate dower interest in the real estate in question in legal form. The probate court had no jurisdiction to order the guardian of an insane wife to relinquish the inchoate dower interest of his ward in real estate. There is a statute conferring jurisdiction for that purpose upon chancery courts, but not upon probate courts. Appellee not having relinquished her interest in said real estate, and having obtained a divorce, was entitled to a decree for her interest therein, which was a life estate, and not a fee simple estate. It was therefore reversible error for the court to decree her a fee simple interest therein.

Appellant's next insistence for reversal is that the court erred in decreeing a lien upon her husband's interest in said real estate to cover her interest in her husband's personal property which he had removed from the State of Arkansas, and to cover any future allowance of alimony which might be made to her. The lien thus declared upon her husband's interest in the real estate was based upon a finding by the court that the husband of appellee removed his personal property from the jurisdiction of the court with the fraudulent intention of depriving appellee of her share thereof, and that he conveyed the real estate in question to appellant William Lance for the fraudulent purpose of defeating the rights of appellee, and that appellant participated in the fraud thus practiced by the husband upon his wife, the appellee herein. The finding of the court is without warrant in the evidence. Appellee herself did not testify in reference to the conveyance of the real estate. The only evidence found in the record in relation to the conveyance of the real estate is that of appellant and W. D. Patton. The guardian testified

that he relinquished appellee's inchoate right of dower in the real estate at the request of W. H. Mason, who stated to him in the presence of appellant that he had obtained an order from the probate court directing him to sign the deed; that he signed it believing it was all right to do so.

Appellant testified, in substance, that he made a tentative trade with Abercrombie for the land; that after inspecting the land he came back and closed the trade with W. H. Mason; that he did not know that Mason had a wife until after he inspected the land; that Mason then informed him his wife was in the asylum, and that it would be necessary to get an order from the probate court for her guardian to sign the deed before the deed could be executed; that he was present and saw the guardian sign the deed; that he paid Abercrombie and Mason $5,000 each and assumed the payment of a mortgage for $5,000 and interest to the Security Mortgage Company; that he paid the mortgage in December following the sale and purchase.

This evidence was insufficient upon which to base a finding that appellant participated in a fraudulent scheme to defeat appellee's claim for her interest in her husband's personal property which he removed from this State or her claim for future allowances of alimony. Appellee insists that the facts of this case bring it within the rule announced in the case of *Austin v. Austin,* 143 Ark. 222, but it does not, for in that case it was conceded that the facts were ample to support the finding of the chancellor to the effect that the conveyance of the real estate to Austin's mother was fraudulent.

It is true the record contains an application made by the husband to the probate court of Crawford County for an order authorizing appellee's guardian to convey her inchoate right of dower in the real estate in question and the order of the court directing the guardian to execute the deed. This application and order, however, could not in anywise affect the inchoate dower

interest of appellee because the court had no jurisdiction to entertain such an application or make an order thereon. The inchoate dower interest of appellee remained intact after the order was obtained and the deed executed, as much so as if the order had never been made or the deed executed. She could not be and was not defrauded through the procurement and execution of the order.

Appellant's last insistence for reversal is that the court erred in decreeing an interest in the land to appellee free from the mortgage incumbrance upon the land. At the time appellee's husband purchased the land he assumed the payment of one-half of the $5,000 mortgage as a part of the purchase price for his interest therein. Appellant paid the mortgage, and in equity was entitled to be subrogated to the right of the mortgagee, the Security Mortgage Company.

This court has ruled that the interest a wife shall take in her husband's real estate upon obtaining a divorce is analogous to the interest she would have taken in the estate of her husband, had he died. *Crosser* v. *Crosser,* 121 Ark. 64. The rule announced by this court for assigning dower to a widow out of lands belonging to her husband subject to mortgage is that the widow is entitled to an interest in the equity of redemption. *Hewitt* v. *Cox,* 55 Ark. 225; *Salinger* v. *Black,* 68 Ark. 449; *Crosser* v. *Crosser, supra; Less* v. *Less,* 131 Ark. 232; *Mayo* v. *Arkansas Valley Trust Co.,* 132 Ark. 64.

The court should have decreed appellee an undivided one-third life interest in the interest of her husband in the lands, according to value, subject to the payment of a just proportion of the mortgage assumed by her husband as a part of the purchase price when he bought the property.

For the errors indicated the decree, in so far as it affects the division of the property, is reversed and the cause is remanded with directions to enter a decree in keeping with the opinion herein.