DOWELL *v.* DOWELL.

4-7720

189 S. W. 2d 797

Opinion delivered October 22, 1945.

*Ben C. Henley* and *J. Smith Henley*, for appellant.

MILLWEE, J. This is the second appeal of this case. In the former appeal, *Dowell* v. *Dowell*, 207 Ark. 578, 182 S. W. 2d 344, that part of the decree granting appellee a divorce was affirmed, but the cause was remanded for further proceedings in accordance with that opinion relative to a division of property under § 4393, Pope's Digest.

When the original suit was instituted, appellant was the owner in fee of 240 acres of land upon a part of which the "home place" of the parties was located. A finding of the chancery court that these, and other lands in which appellant had an interest, were not susceptible of division in kind was approved by this court on the former appeal. That part of the original order which directed sale of the lands *in solido* was held erroneous and a resale and distribution of the proceeds thereof according to law was directed. On remand of the cause, sale was held in compliance with this court's order and appellant became the purchaser of the 240-acre tract of land for $7,020.

In the decree from which is this appeal the chancellor held appellee entitled to one-third of the proceeds of the sale of these lands, less one-third of the sale costs, under the statute, and appellant has appealed from this part of the decree. Appellant is correct in his contention that the trial court erred in decreeing to appellee one-third of the proceeds of the sale, after deducting her proportionate one-third of the costs thereof. This court so held in *Allen* v. *Allen*, 126 Ark. 164, 189 S. W. 841. In that case, as here, the wife was granted a divorce and the trial court awarded her one-third of the sale proceeds under Kirby's Digest, § 2684, now Pope's Digest, § 4393. Chief Justice McCULLOCH, speaking for the court, said: "The statute, it will be noted, only gives the wife who is granted a divorce one-third of the real estate for life, and the effect of the court's decree was to give her an absolute interest in the property by turning over to her one-third of the gross amount of the proceeds. It is true the statute further provides that if the real estate cannot be divided without prejudice to the parties, the court shall order a sale thereof by a commissioner and that 'the proceeds

of every such sale after deducting the cost and expenses of the same, including the fee allowed said commissioner by said court for his services, shall be paid into said court and by the court divided among the parties in proportion to their respective rights in the premises.' Kirby's Digest, § 2684. The fact that the wife is only allowed an estate for life in the lands set apart to her precludes the idea that she is to have the total amount of the proceeds arising from the sale of that interest, but it is the duty of the court in cases of sale to ascertain the present value of the interest and order it to be paid over to her, or otherwise protect her in the enjoyment of her interests.''

Since it was the duty of the trial court to determine the present value of appellee's interest, the question of the manner of ascertaining such value is presented. The interest which a wife takes in her husband's real estate upon obtaining a divorce under the statute (§ 4393, *supra*) has been discussed in many cases. In *Beene* v. *Beene,* 64 Ark. 518, 43 S. W. 968, the court described such interest as being "exactly or substantially the same as would be her dower interest in case of the death of her husband. . . ." In *Lance* v. *Mason,* 151 Ark. 114, 235 S. W. 394, the court cited *Crosser* v. *Crosser,* 121 Ark. 64, 180 S. W. 337, and described the interest acquired under the statute as being "analogous to the interest she would have taken in the estate of her husband had he died." In the case of *Taylor* v. *Taylor,* 153 Ark. 206, 240 S. W. 6, the award to the wife under the statute was said to be "in the nature of dower." The effect of the statute, therefore, is to give the wife obtaining a divorce a vested life estate in one-third of the husband's lands.

The courts have employed a variety of methods in determining the present value of such life estate where the lands are sold because such interest cannot be allotted in kind. Some courts in this country have followed the English or common-law rule which considers an estate for life as equal in value to one-third of the fee. *McCommon* v. *Johnson,* 123 Pa. Superior 581, 187 A. 445. This method was rejected by this court in the case of *Allen* v. *Allen, supra.* As stated in 33 Am. Jur. 770, "At the pres-

ent time the usual practice as to cases in which it is necessary to ascertain the present value in gross of a life tenant's interest in the proceeds of property upon sale seems to be to estimate the value of a life estate with reference to the life tenant's expectancy of life as shown by recognized mortality tables.''

It is appellant's contention that the present value of appellee's interest should be based upon the expected net profits which might accrue to the life tenant. Testimony was introduced tending to show that the 240-acre tract of land had an annual rental value of only $150 although the property sold for $7,020, has a good residence and barn located on a part of it, and much of it is good land subject to cultivation. When calculated upon this basis, the present value of appellee's life estate is fixed at $565. We do not approve this method of computation. The prevailing practice is to calculate a life tenant's share of the proceeds of the sale with reference to the interest which such proceeds would produce if invested, rather than with reference to the value of the use of the property. 30 Am. Jur. 771; 102 A. L. R. 993. We think the latter method is not only more definite and less speculative, but one that is likely to result in a more accurate and equitable adjustment of the life tenant's interest.

Some courts hold that the amount to be paid according to the annuity tables is subject to variation on account of the habits and unusual vigor or frailty of health of the life tenant. *McLaughlin* v. *McLaughlin*, 20 N. J. Eq. 190. We think, however, that an attempt to improve on the averages given in the tables by guessing at the probabilities of a single life in the determination of such value is too fanciful and conjectural. It was so held by the Michigan court in *Brown* v. *Bronson*, 35 Mich. 415.

We conclude, therefore, that the present value of appellee's interest should be computed by use of legally recognized life and annuity tables on the basis of appellee's age at the time of the sale, and on the basis of the proceeds realized by the sale after deducting her proportionate part of the costs of the sale. Since there is no

proof of 'the prevailing interest rate in the locality affected, the legal rate of six per centum should be used. Such present value may be readily ascertained by use of the tables found in the appendices to Volume II, Scribner on ''Dower,'' Second Edition, and pages 10-15 of ''Dower and Curtesy Tables'' by Giauque and McClure. Use of these tables was approved by this court in the recent case of *Rockamore v. Pembroke,* 208 Ark. 995, 188 S. W. 2d 616. By use of tables F and G at pages 818-819 of the work by Scribner, and before deduction of appellee's share of the sale costs, a present value of $1,428.57 is established. This amount will be slightly reduced by the amount of appellee's proportionate share of the costs of sale which is not shown in the record.

An appeal is also prosecuted from that part of the decree which granted appellee judgment for the sum of $118.37 as her interest in a part of the cattle owned by appellant and his son jointly. These cattle were sold under an execution issued by the circuit court in satisfaction of a fine imposed upon appellant. This execution was issued, and the property sold, prior to the institution of the original suit for divorce. Appellant contends that, the cattle having been disposed of prior to the institution of the original suit, appellee was not entitled to claim an interest therein under § 4393, Pope's Digest, and we think this contention should be sustained.

It is true that in the former appeal it was held that the interest of the son in these cattle could not be charged with the satisfaction of the fine imposed upon appellant. The sale of the cattle by the sheriff under the execution was not shown to be an attempt by appellant to defraud appellee in the collection of her one-third interest in his personal property. This is not a case of a voluntary conveyance by a husband in anticipation of his wife's suit for divorce nor was any attempt made to set such sale aside.

In the early case of *Arnett v. Arnett, et al.,* 14 Ark. 57, this court held that, where the personal property of a husband was levied upon and taken into possession by the sheriff under an execution before the husband's death,

the widow's right of dower in said property was cut off, even though the execution sale was held after the death of the husband. The statute provides for restoration of "all property not disposed of at the commencement of the action. . . ." While the statute entitles appellee to a one-third interest in the personalty, exclusive of the debts of her husband, it does not apply to property which was disposed of and debts paid, prior to institution of the suit, in the absence of fraud. It follows that the trial court erred in holding the property sold on execution subject to the claim of appellee, and the decree will be modified to eliminate the item of $118.37.

The decree is accordingly reversed and the cause remanded with directions to proceed in a manner not inconsistent with this opinion, the costs of this appeal to be shared equally by the parties.