ATKINSON *v.* VAN ECHAUTE.

5-2928                                                       366 S. W. 2d 273

Opinion delivered April 8, 1963.

*Phillip H. Loh,* for appellant.

*Charles H. Eddy* and *Gordon & Gordon,* for appellee.

FRANK HOLT, Associate Justice. On June 20, 1961, Julius Van Echaute died testate at 76 years of age. The appellee, Janie Van Echaute, was the testator's second wife. The appellant, Emily Van Echaute Atkinson, and six other adult children by his first marriage also survive him. Appellant was nominated in the will to serve as executrix. The testator provided in his will that all of his property be sold or converted into cash as soon as possible after his death and that the cash proceeds be divided equally between his wife and his seven children. According to the inventory of his estate, the real property consisted of a forty (40) acre farm and the personal property consisted of household goods valued at $50.00.

After the will was duly probated the appellee-widow filed an instrument in which she elected to take against the will and asked that she be alloted her dower interest in the estate as provided by law. Later, upon her petition, the land was sold for $4,825.00 cash. Appellee then petitioned the court to allow her one-third ($\frac{1}{3}$) of the sale price as her dower. Upon a hearing on her petition the court found that she had elected to take against the will and have her dower awarded as provided by law and, further, "that because of the directions of the will, the court finds that the entire estate consisted of personal property at the death of Julius Van Echaute, and his widow, Janie Van Echaute, is entitled to one-third of the gross estate in fee". The court ordered payment to her of one-third of the gross estate ($4,875.00) or $1,625.00. At a previous proceeding, upon petition of the appellee for her widow's statutory allowances, the court awarded her $1,000.00 [Ark. Stat. 62-2501 (a)], certain items of furniture and furnishings [Ark. Stat. 62-2501 (b)], and $250.00 as sustenance [Ark. Stat. 62-2501 (c)]. From these two separate orders appellant brings this appeal and for reversal relies on two points: (1) The court erred in the method of awarding appellee's dower interest; and (2) the court erred in awarding $1,000.00 as a widow's allowance. We hold that the appellant is correct in both of these contentions. Appellant takes no exception to the court's allowance of household goods and sustenance.

POINT ONE. [Award of dower interest] Courts seek to give effect to the desires and intentions of a testator. In the case at bar the testator specifically provided in his will that upon his death his property was to be sold and converted into cash and divided equally between his wife and seven children. His widow, the appellee, renounced the will and elected to take against it. She asked that her dower interest be allotted as provided by law. This she had a right to do. Ark. Stats. 61-218—60-501. After her dissent from the will the realty was converted into $4,825.00 cash with her approval. She contends that by the doctrine of equitable conversion the realty consisted of personal property at the death of her husband. Thus, she asserts her claim to one-third ($\frac{1}{3}$) absolutely of the gross estate $4,875.00) or $1,625.00. Ark. Stat. 61-202. If the proceeds of the gross estate were divided equally in eight shares, as directed by the testator, appellee would be entitled to approximately $610.00.

Intent is the determining factor in applying the doctrine of equitable conversion. In 19 Am. Jur., p. 4, Equitable Conversion, § 4, we find the governing rule in the case at bar expressed as follows:

"The purpose of the doctrine of equitable conversion is to give effect to the intention of the testator, settlor, or contracting parties, and it will not be given an effect contrary to such intention. For example, where the will of a decedent directs the executor to sell land left by the decedent and the decedent's widow elects to take her share under the law aside from the will, equity does not regard the land as personalty so as to allow the widow to take a distributive share."

Further, in § 5 we find:

"The doctrine of equitable conversion cannot be invoked where the intention of the testator fails or is incapable of accomplishment by reason of illegality, lapse, or other cause, because the sole purpose of the doctrine in the case of a will is to effectuate the testator's intention."

In the case at bar the testator's intention fails or cannot be accomplished because appellee disclaimed the will.

In 18 C.J.S., p. 77, Conversion, § 49, the rule is further announced that where the widow *"elects to take against the will, there is no conversion so as to entitle the widow to a share in the realty as personalty."* [Emphasis added.]

In 91 A.L.R., Anno. p. 868, we find the following comment on this subject:

"Where the surviving spouse renounces the will and elects to take under the intestate laws, the courts are unanimous in holding that such survivor is not entitled to the benefit of a provision in the will directing a conversion. Having elected to take against the will, the surviving spouse cannot assert any claim under the will."

When appellee renounced her husband's will she destroyed the will as to herself. Consequently her dower rights vested as if her husband had died intestate. Ark. Stat. 60-501. That being true, her dower is to be carved from that property which her husband possessed at his death and not from the property thereafter changed from realty to personalty. *Kitchens* v. *Jones,* 87 Ark. 502, 113 S. W. 29; *Johnson* v. *Johnson,* 92 Ark. 292, 122 S. W. 656.

Our dower statute provides that the widow shall have a vested life interest in one-third of her husband's lands. Ark. Stat. 61-201. Since the realty was sold for $4,825.00 cash, upon the request[1] of appellee and with the approval of the court, she is entitled to a life estate in the proceeds of this sale. The proper and approved method of computing the present value of her vested life estate is outlined in Ark. Stats. 50-701—706. See also, *Dowell* v. *Dowell,* 209 Ark. 175, 189 S. W. 2d 797 and *Godard* v. *Godard,* 210 Ark. 769, 197 S. W. 2d 554. Appellee was 72 years of age at the time of the sale. According to the table in Ark. Stat. 50-705, her life expectancy then was 9 years. The record does not show a determination of the prevailing rate of interest and, therefore, we must use the legal rate of six percentum (6%). *Dowell* v. *Dowell, supra.* At the appropriate place in the table we find the figure 5.9212. By this statute we now compute the present value of appellee's life estate in this manner: $4,825.00 ÷ 3 = $1,608.33; $1,608.33 × 6%

---

[1] By this action she waived her homestead rights.

= \$96.50; \$96.50 × 5.9212 = \$571.39 which is the present value in commutation of her income rights before deduction of her proportionate share of the cost of sale which the record does not show.

POINT TWO. [Widow's allowance] Appellant contends that the court erroneously awarded the appellee \$1,000.00 cash as a widow's allowance pursuant to Ark. Stat. 62-2501 (a). This statute provides in pertinent part:

"In addition to * homestead and dower rights, the widow *** shall be entitled to have ** out of the property *owned by the decedent at the time of his death,* personal property, *** of the value of one thousand dollars ***." [Emphasis added.]

By the plain terms of this statute the allowance to a widow can only be made from whatever personal property existed at the husband's death. In *Kitchen* v. *Jones, supra,* this court said:

"The status of the decedent's estate is fixed under this statute when he dies, and the *allowance* contemplated by it must be made out of the personal property *as it then existed,* and not from the proceeds of realty which may thereafter assume personal form." [Emphasis added.] Also, see *McLerkin* v. *Schilling,* 192 Ark. 1083, 96 S. W. 2d 445.

It follows, from this and our discussion of point one, that appellee's allowance under this statute is limited in this case to the \$50.00 which was the total value of the testator's personal property at his death as listed in the inventory of the estate.

The decree is reversed and remanded with directions to enter a decree not inconsistent with this opinion.